UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTSON TECHNOLOGY, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLIED MATERIALS, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-06071-SVK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 158, 159, 166, 167, 171, 180 |

In connection with Defendant Applied Materials, Inc.'s ("Applied") Motion to Disqualify, (Dkt. 157), both Parties[1] have filed administrative motions to seal their own information and each other's information. *See* Dkts. 158 (Motion, Applied's information), 159 (Motion, Mattson's information), 166 (Opposition, Mattson's information), 167 (Opposition, Applied's information), 171 (Reply, Applied's information), 180 (Applied's demonstrative slides, Applied's information). No Party has opposed any other Party's motions. Pursuant to Civil L.R. 79-5(f), Applied filed a statement in support of Dkt. 167. *See* Dkt. 169. Mattson has not filed any statement in support of Dkt. 159. Having considered the Parties' submissions, the relevant law and the record in this action, the Court hereby **GRANTS IN PART** and **DENIES IN PART** the administrative motions to seal.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records

---

[1] Two co-defendants, Rene George and Dr. Vladimir Nagorny, did not join the motion to disqualify and did not file or respond to any motions to seal. *See* Dkts. 172, 174. The "Parties" herein refers to the parties to the motions, *i.e.*, Applied and Mattson only.

relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that are "not related, or only tangentially related, to the merits of the case," such as "a discovery motion unrelated to the merits of the case," the lower "good cause" standard applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179. The Court finds that Applied's Motion to Disqualify is "only tangentially related[] to the merits of the case," and so that the "good cause" standard governs. *See Ctr. For Auto Safety*, 809 F.3d at 1099 (9th Cir. 2016); *Bold Ltd. v. Rocket Resume, Inc.*, No. 22-cv-01045-BLF, 2024 WL 54692, at *1 (N.D. Cal. Jan. 4, 2024) (applying the "good cause" standard to a motion to disqualify counsel); *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, No. 19-cv-07123-PJH, 2020 WL 7133773, at *9 (N.D. Cal. June 16, 2020) (same).

In support of its administrative motion to seal its motion, reply and its lodged demonstrative slides, Applied proposes redactions to what Applied contends represents its "confidential and proprietary business information," relating to "internal investigations into its competitors" and "internal procedures relating to the protection of Applied intellectual property, including [its] trade secrets." Dkt. 158 at 3; Dkt. 171 at 3; Dkt. 180 at 3. In support of Mattson's administrative motion to seal portions of its opposition as containing Applied information, Applied similarly contends that such portions contain information on "Applied's internal business activities," but also adds that these excerpts "would reveal highly confidential information pertaining to Applied's … legal counsel." Dkt. 169 at 3-4. The Court agrees that—where appropriate—proprietary business information, including internal investigations and procedures relating to intellectual property and trade secrets, meet the good cause standard. The Court does not agree that all confidential information related to "legal counsel" meets this standard, but the Court is mindful that such information may be sealable in some cases. *See, e.g.*, *William v. Morrison & Foerster LLP*, No. 18-cv-02542-JSC, 2020 WL 8736128, at *1 (N.D. Cal. Aug. 20, 2020) ("While courts generally accept attorney-client privilege and the work-product doctrine as a 'compelling reason' justifying a motion to seal," even such information must be "narrowly tailored to only seek sealing of properly sealable information."). As for Plaintiff, Mattson seeks to seal information about the "confidnetial details [of] the structure of Mattson's legal department and its legal investigations related to competitors and their products." *See* Dkt. 166 at 3.

Having considered the reasons proffered by the Parties for sealing and the proposed redactions, the Court rules summarized in the following chart:

| Document | Portions to be Sealed | Court Ruling |
|---|---|---|
| Applied's Motion to Disqualify [Dkt. 158-3] | Green-highlighted portions **as modified**, at ECF:<br><br>7:11-12, excluding the words "Mr. Adams investigated" on line 11.<br><br>10:7-9, excluding the words "Beginning in 2013, Mr. Adams was tasked with developing an internal Applied procedure that addressed."<br><br>10:9-10, excluding the words "That task also included."<br><br>10:11-12, excluding the words "In 2016, Mr. Adams identified as a performance review objective the development of" as well as footnote 13.<br><br>10:12-15, excluding the words "And in 2019, Mr. Adams was recognized for."<br><br>10:18-20<br><br>11:5-6, excluding the words "misappropriation of Applied IP, as well as."<br><br>11:7-8, excluding the words "Mattson in the context of."<br><br>11:8-10, ending at (and excluding) footnote 19.<br><br>11:13-15, beginning after "He also participated in an Applied legal department presentation on."<br><br>12:1, ending at (and excluding) footnote 24.<br><br>12:9-13 and 17. | The Court finds that these excerpts contain Applied confidential information which is not publicly known and may cause harm if disclosed. The motions to seal are **GRANTED-IN-PART** as to these excerpts.<br><br>The Court otherwise **DENIES** the motions as to Applied's proposed redactions as overbroad and **DENIES** the motions to seal as to Mattson's information (blue-highlighted) because Mattson failed to file a statement in support of sealing such information. |

| | | | |
|---|---|---|---|
| | | [CONTINUED]<br><br>13:13-16, excluding the words "reviewed," footnote 37, footnote 38 and "He also reviewed."<br><br>18:20-22<br><br>19:4-6, excluding the words "While both were at Applied, Mr. Adams worked with Shubert Chu regarding."<br><br>19:7-9, excluding the words "what Applied did or did not know about Mattson." | |
| | Declaration of Nathan Zhang in support of Applied's Motion to Disqualify [Dkt. 158-4] | Green-highlighted portions **as modified**, at:<br><br>¶¶ 5, 7-8<br><br>¶ 6, excluding for the words "beginning in 2013 Mr. Adams developed internal processes and procedures that Addressed," "In his 2016 performance review, Mr. Adams also identified development" and "In his 2019 performance review, Mr. Adams was recognized for."<br><br>¶ 10, excluding the words "including investigations specifically assessing Mattson."<br><br>¶ 11, lines 18-19, excluding the words "at least in 2013 Mr. Adams was directly involved in Applied's assessment of" & "Mattson."<br><br>¶ 11, lines 19-22, excluding the words "Mr. Adams also participated in an Applied legal department presentation on."<br><br>¶ 12, lines 23-24, excluding the words "At least in 2018, Mr. Adams was directly involved in Applied's assessment of" & "Mattson." | The Court finds that these excerpts contain Applied confidential information which is not publicly known and may cause harm if disclosed. The motions to seal are **GRANTED-IN-PART** as to these excerpts.<br><br>The Court otherwise **DENIES** the motions as to Applied's proposed redactions as overbroad. |

4

| | | |
|---|---|---|
| | ¶ 13, lines 3-4, ending at "to stay apprised of."<br><br>¶ 14, beginning after the word "regarding." | |
| Declaration of Christina E. Myrold in support of Applied's Motion to Disqualify [Dkt. 158-5] | Green-highlighted portion, *i.e.*, ¶ 11 | The Court finds that these excerpts contain Applied confidential information which is not publicly known and may cause harm if disclosed. Applied's motion to seal its own confidential information is thus **GRANTED**.<br><br>The Court **DENIES** the motions to consider whether Mattson's confidential information (the blue-highlighted text) should be sealed, as Mattson did not file a statement in support thereof. |
| Exhibit 2 to the Myrold Declaration [Dkt. 158-6] | **DENIED.** | As to Applied's confidential information (the green-highlighted text), the bare fact that Adams was involved in Applied internal investigations into Mattson—without details as to what such investigations entailed—does not warrant sealing. **DENIED**.<br><br>The Court **DENIES** the motions to consider whether Mattson's confidential information (the blue-highlighted text) should be sealed, as Mattson did not file a statement in support thereof. |
| Exhibit 3 to the Myrold Declaration [Dkt. 158-7] | Green-highlighted portions **as modified**, at ECF:<br><br>Page 2, entire first highlighted block.<br><br>Page 2, second highlighted block, excluding the words "Mattson-specific investigations, including."<br><br>Page 3, but only with regard to point (3). | The Court finds that these excerpts contain Applied confidential information which is not publicly known and may cause harm if disclosed. The motions to seal are **GRANTED-IN-PART** as to these excerpts.<br><br>The Court otherwise **DENIES** the motions as to Applied's proposed redactions as overbroad and **DENIES** the motions to seal as to Mattson's information (blue-highlighted) because Mattson |

5

| | | | |
|---|---|---|---|
| | | | failed to file a statement in support of sealing such information. |
| Mattson's Opposition to the Motion to Disqualify [Dkt. 166-4] | Green-highlighted portions **as modified**, at ECF: 19:6-7  22:10-11  24:11-13, beginning after the words "trade secrets and patents."  24:23, beginning after "and that he helped."  Blue-highlighted text at ECF 26, line 9. | | The Court finds that the identified green-highlighted portions contain Applied confidential information which is not publicly known and may cause harm if disclosed.  The motion to consider whether to seal Applied's information as to these excerpts is **GRANTED-IN-PART.**  The Court otherwise **DENIES** the proposed green-highlighted redactions as overbroad.  The Court finds that the identified blue-highlighted portion contains Mattson confidential information which is not publicly known and may cause harm if disclosed. The motion to seal is **GRANTED**. |
| Declaration of J. Parks Workman in support of Mattson's Opposition [Dkt. 166-6] | Blue-highlighted text in ¶ 13. | | The Court finds that the identified blue-highlighted portion contains Mattson confidential information which is not publicly known and may cause harm if disclosed. The motion to seal is **GRANTED**. |
| Ex. 1 to Mattson's Opposition [Dkt. 167-6] | **DENIED**. | | The Court **DENIES** the motions to consider whether Applied's confidential information (the green-highlighted text) should be sealed, as Applied did not seek to seal such information in its supporting statement. |
| Ex. 1 to Mattson's Opposition [Dkt. 167-7] | **DENIED**. | | Neither the bare fact that Adams was involved in Applied internal investigations into Mattson (without details as to what such investigations entailed) nor the simple length of time and title of Mr. Adams' tenure at Applied are likely to result in harm to Applied if publicly disclosed.  This information does not warrant sealing. **DENIED.** |

| Applied's Reply in support of its Motion to Disqualify [Dkt. 171-3] | Green-highlighted portions **as modified**, at ECF:<br><br>12:12-14, excluding the words "participated in legal department presentations regarding."<br><br>12:28<br><br>13:11, beginning after "Mattson's"<br><br>13:14-15 | The Court finds that the identified green-highlighted portions contain Applied confidential information which is not publicly known and may cause harm if disclosed. The motion to seal Applied's information as to these excerpts is **GRANTED-IN-PART.** The Court otherwise **DENIES** the proposed green-highlighted redactions as overbroad. |
|---|---|---|
| Applied's demonstrative slides from the September 16, 2025, hearing [Dkt. 180-3] | Green-highlighted portions **as modified**, at:<br><br>Slide 19, bullet points 4 and 5. | The Court finds that the identified green-highlighted portions contain Applied confidential information which is not publicly known and may cause harm if disclosed. The motion to seal Applied's information as to these excerpts is **GRANTED-IN-PART.** The Court otherwise **DENIES** the proposed green-highlighted redactions (*i.e.*, Slide 19 bullets 1 or 6, as well as slide 32) as overbroad. |

The Clerk of Court shall unseal Dkts. 158-6, 167-6 and 167-7. The Clerk shall maintain Dkts. 158-3, 158-4, 158-5, 158-7, 166-4, 166-6, 171-3 and 180-3 under seal. However, **no later than October 6**, Applied **SHALL** publicly file more narrowly redacted versions of Dkts. 158-3, 158-4, 158-5, 158-7, 173-3 and 180-3, in conformance with the Court's rulings above. By the **same date**, Mattson (who may do so via Dorrity & Manning, notwithstanding the firm's elsewise disqualification) **SHALL** publicly file a more narrowly redacted version of Dkt. 166-4; Mattson need not file a more narrowly redacted version of Dkt. 166-6, which is sufficient.

Failure by a Party to submit a proper public redacted version may result in the Court unsealing the corresponding sealed docket entry.

**SO ORDERED.**

Dated: September 23, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge