UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTSON TECHNOLOGY, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLIED MATERIALS, INC., et al.,<br><br>    Defendants. | Case No.  23-cv-06071-SVK<br><br>**ORDER RE DISQUALIFICATION OF PLAINTIFF'S IN-HOUSE COUNSEL AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. Nos. 157, 183 |

This Order follows the Court's September 22, 2025 Order Granting Defendant's Motion to Disqualify Counsel. Dkts. 183, 188-1 ("Disqualification Order" and the public version thereof). The background, legal standard, Court's ruling and the reasoning therefore are set forth in the Disqualification Order. *See, generally*, Dkt. 188-1. Left unresolved was appropriate scope and extent of disqualification of Plaintiff's in-house attorneys. *Id.* at 11-12. Having considered the declarations of Plaintiff's Associate General Counsel, (Dkts. 192-2, 199-2), Defendant's submission at Dkt. 197, the relevant law and the record in this matter, the Court **ORDERS** that:

- The in-house attorneys identified by Plaintiff at Dkt. 192-2, ¶ 3 are disqualified from working upon this litigation going forward. *See also* Dkt. 192-2, ¶ 13.
- Plaintiff's "non-attorney support" staff identified in Dkt. 192-2 is not disqualified and may continue to be involved as a paralegal/legal assistant supporting case logistics for new outside counsel (*e.g.,* coordination of communications, scheduling, document collection, etc.). *See id.*, ¶ 13.

////

////

////

- Based upon the supplemental declaration, the involvement of attorneys at Plaintiff's parent, Beijing E-Town Semiconductor Technology ("BEST"), has been sufficiently minimal such that disqualification is not necessary. *See* Dkt. 199-2. Accordingly, none of BEST's in-house attorneys are disqualified from overseeing the present litigation.

Additionally, the Disqualification Order provided that, upon resolution of the disqualification of Plaintiff's in-house attorneys, "the Court will lift the stay and enter an amended case schedule. The Parties may, in their joint stipulation, propose a case schedule for the Court's consideration." Dkt. 188-1 at 13.

The Parties did not submit any proposed case schedule amendments. *See* Dkt. 193. Accordingly, the Court hereby sets the Parties for a **case management conference on December 9, 2025 at 9:30 a.m.** via videoconference. The case deadlines shall remain **STAYED** pending the entry of new deadlines, as appropriate, at the case management conference.

**SO ORDERED.**

Dated: November 6, 2025

SUSAN VAN KEULEN
United States Magistrate Judge