L. KIERAN KIECKHEFER, SBN 251978
kkieckhefer@gibsondunn.com
JOSEPH A. GORMAN, SBN 267553
jgorman@gibsondunn.com
CHRISTINA E. MYROLD, SBN 324183
cmyrold@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, California 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

STUART M. ROSENBERG, SBN 239926
srosenberg@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301
Telephone: 650.849.5300
Facsimile: 650.849.5333

JAMES POOLEY, SBN 58041
james@pooley.com
JAMES POOLEY PLC
325 Sharon Park Dr. #208
Menlo Park, CA 94025

*Attorneys for Defendant APPLIED MATERIALS, INC.*

*Additional counsel and parties on next page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MATTSON TECHNOLOGY, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED MATERIALS, INC., a Delaware Corporation, VLADIMIR NAGORNY, an individual, and RENE GEORGE, an individual,<br><br>Defendants. | CASE NO. 5:23-CV-06071-SVK<br><br>**JOINT STATEMENT REGARDING DEFENDANT APPLIED MATERIALS, INC.'S MOTION TO COMPEL** |

**Additional Counsel and Parties:**

Brent Caslin (CA 198682)
BCaslin@jenner.com
AnnaMarie A. Van Hoesen (CA 282074)
AVanHoesen@jenner.com
Kelly M. Morrison (CA 255513)
KMorrison@jenner.com
JENNER & BLOCK, LLP
515 S. Flower Street
Suite 3300 Los Angeles, CA 90071-2246
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

*Attorneys for Plaintiff*
MATTSON TECHNOLOGY, INC.

Mattson Technology, Inc. and Applied Materials, Inc. submit this joint statement regarding Applied's motion to compel further responses to Interrogatory Nos. 3–5 and 7–14. Fact discovery closes on August 7, 2026 and trial is set for July 26, 2027. Per this Court's Civil and Discovery Referral Matters Standing Order No. 7, a joint chart is attached as Exhibit A. Applied's proposed order is attached as Exhibit B. Mattson's proposed order is attached as Exhibit C.

## DEFENDANT APPLIED MATERIALS, INC.'S POSITION

### I. INTRODUCTION

This joint statement concerns whether Mattson may object to an interrogatory as "compound" simply because Mattson alleges multiple trade secrets. Applied respectfully requests an order compelling adequate discovery responses so that the parties may prepare this case for summary judgment and trial under the current schedule, which has a fact discovery cutoff of August 7, 2026.

Applied served Mattson with standard interrogatories inquiring about the basis of Mattson's DTSA claim, including how the purported trade secrets are in fact trade secrets and what Applied did to misappropriate them. Mattson contends that because it alleges multiple trade secrets (up to 12, plus an unknown number of purported "combination" trade secrets), each interrogatory is compound and exceeds Applied's 25-interrogatory limit. The parties have met and conferred about Mattson's interrogatory responses but are unable to get past Mattson's "compound" objection.

Mattson's objection is wrong. It is black-letter law that asking an interrogatory about a single topic does not transform that one interrogatory into multiple interrogatories simply because the plaintiff alleges misappropriation of several trade secrets. Rather, an interrogatory counts as one so long as its component requests are "logically or factually subsumed within and necessarily related to" a single primary question. *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (citation omitted); *see* Stevenson & Fitzgerald, *Federal Civil Procedure Before Trial* ¶ 11:1689 (The Rutter Group 2025) (a "single question asking for several bits of information relating to the *same topic* counts as one interrogatory") (collecting cases). Here, Applied's interrogatories easily meet that standard.

### II. BACKGROUND

Applied moves to compel responses to Interrogatory Nos. 3–5 and 7–14. These seek basic trade-secret-specific information, including Mattson's secrecy measures for each alleged trade secret (No. 3) and the Mattson products that allegedly incorporated each alleged trade secret (No. 4).

Mattson refused to provide substantive answers to nearly every interrogatory Applied has served, objecting that each contains up to dozens of "discrete subparts" merely because it seeks trade-secret-by-trade-secret information. For instance, Mattson objected that Interrogatory No. 8 "contains at least 33 discrete subparts," because it seeks responses as to "11 [now 12] different trade secrets";

that Interrogatory No. 9 "contains at least 99 discrete subparts"; and that Interrogatory No. 10 "contains at least 11 discrete subparts." In each instance, Mattson repeated the same refrain: that the requests are "not logically or factually subsumed" because "the [11 different] trade secrets are unique."

During the parties' February 6, 2026, meet-and-confer and in subsequent correspondence, Applied explained why Mattson's "compound" position is wrong, but Mattson disagrees. The parties are now at an impasse, and Applied respectfully seeks the Court's intervention to overrule Mattson's "compound" objections.

## III. ARGUMENT

Mattson's compound objections to Interrogatory Nos. 3–5 and 7–14 should be overruled—each asks for information concerning a single subject and therefore counts as a single interrogatory.

Under Rule 33, a party is entitled to up to 25 interrogatories "including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Courts do not convert one interrogatory into multiple merely because it requests multiple particulars. *In re Lithium Ion Batteries Antitrust Litig.*, 2015 WL 1221924, at *3 (N.D. Cal. Mar. 17, 2015) (interrogatory covering multiple products treated as one where it sought product-by-product details); *see Shell v. American Family Rights Ass'n,* 2012 WL 3778285, at *1 (D. Colo. Aug. 30, 2012) (illustrating that parties often introduce a topic and then ask for particulars (e.g., who, when, where, what results); "[i]n such a situation, all the questions relate to a single topic," and it would be "unfair and draconian" to treat each particular as a separate interrogatory).

Trade-secret and patent cases confirm that this rule applies where one interrogatory seeks claim-by-claim, product-by-product, or trade-secret-by-trade-secret particulars. *See BladeRoom Grp. Ltd. v. Facebook, Inc.*, 2017 WL 11637729, at *1 (N.D. Cal. Mar. 9, 2017) (overruling compound objection and holding defendant is entitled to responses that track each individual trade secret); *Synopsys, Inc. v. ATopTech, Inc.*, 319 F.R.D. 293, 295–299 (N.D. Cal. 2016) ("an interrogatory that asks for specific information about 'all accused products' should be counted as one interrogatory, since the subparts all seek information about one distinct subject," and further holding that interrogatory seeking all bases for invalidity was one interrogatory); *Phoenix Modular Elevator, Inc. v. T.L. Shield & Assocs., Inc.*, 2014 WL 12569343, at *1 (C.D. Cal. July 22, 2014) (holding interrogatory seeking revenue and profit information for *each* accused product "should be treated as one interrogatory"); *Alkayali v. GENI, Inc.*,

2008 WL 11342554, at *2 (C.D. Cal. Jan. 25, 2008) ("Plaintiff's response must identify each person 'having such knowledge and each document concerning the Trade Secret/Confidential Information.'"); *StonCor Grp., Inc. v. Campton*, 2006 WL 314336, at *2 (W.D. Wash. Feb. 7, 2006) (requiring "full and complete answer" to: "Identify and describe … the nature, amount and computation of damages arising from a misappropriation of [each and every] Trade Secret") (modification in original). In short, subparts count as one interrogatory where they are "logically or factually subsumed within and necessarily related to the primary question." *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (citation omitted). Said another way, "an interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question." *Id.* at 444 (citation omitted).

Here, Applied's interrogatories seek basic information about Mattson's DTSA claim. Each challenged interrogatory addresses a single subject—secrecy measures (No. 3), product use (Nos. 4, 8), access (No. 5), economic value (No. 7), misappropriation (No. 9), conception and development (No. 10), knowledgeable persons (No. 11), damages (No. 12), pre-suit access to information (No. 13), and whether the trade secrets were generally known (No. 14)—and asks only for the trade-secret-specific details needed to make Mattson's answer meaningful. There are no discrete subparts to the challenged interrogatories, but rather a breakdown of information as it relates to a single topic.

Mattson's arguments are incorrect. They rest on a flawed item-counting theory: if Mattson has identified multiple trade secrets, then any interrogatory seeking trade-secret-specific information allegedly "contains" as many discrete subparts and interrogatories as trade secrets. As Mattson would have it, Rule 33 would treat each "instance" of the same subject matter as a separate interrogatory. Indeed, Mattson's position produces an untenable practical result: it would let a trade secret plaintiff assert more and more alleged secrets while simultaneously shrinking the defendant's ability to obtain discovery about them—because any meaningful interrogatory would become unavailable without court intervention once the plaintiff's item count exceeds 25. Nothing in the Rules supports that asymmetry.

To the contrary, treating related subparts, as here, as one interrogatory best serves the Federal Rules' purpose—obtaining information within reasonable limits, not enabling parties to "hide information" behind numerical restrictions. *Phoenix Modular Elevator*, 2014 WL 12569343, at *1

(citation omitted). "[T]he spirit of the [federal] rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by ... unnecessary use of defensive weapons or evasive responses." Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment. This principle applies with force here because Mattson itself put multiple trade secrets at issue. *BladeRoom*, 2017 WL 11637729, at *1 ("Plaintiffs themselves have put the individual 25 secrets into play, and Facebook is entitled to get interrogatory responses that track all 25 individually.").

Alternatively, if the Court determines that any of Applied's interrogatories contain multiple discrete subparts, Applied respectfully requests leave under Rule 33(a)(1) to exceed the presumptive limit to that extent, so that Applied is not prejudiced by any retroactive recharacterization of its already-served interrogatories and retains the ability to serve at least eleven additional interrogatories.

## IV. CONCLUSION

Applied respectfully requests that Mattson's compound objection be overruled and that Mattson be ordered to provide adequate responses to Interrogatory Nos. 3–5 and 7–14.

**PLAINTIFF MATTSON TECHNOLOGY, INC.'S POSITION**

## I. INTRODUCTION

Applied's motion to compel should be denied because Mattson has already responded to interrogatory nos. 3-5 and 7, and requiring Mattson to respond to interrogatory nos. 8-14 would be unduly burdensome and exceed the 25-interrogatory limit. Interrogatory nos. 7-14 are facially improper; they contain obvious subparts and ask Mattson to respond on "a trade secret-by-trade secret basis" as to each of the 12 separate trade secrets at issue. That would render the interrogatories nearly impossible to answer and impose a significant burden on Mattson, which is exactly the kind of tactical discovery abuse that Federal Rules of Civil Procedure 26 and 33 are designed to prevent. There is no "black-letter law" that allows Applied to serve compound interrogatories regarding 12 trade secrets with impunity, and Applied repeatedly misses or misstates the case authority that it relies upon.

Applied's broader strategy is clear. With this motion to compel further responses to its improper interrogatories, Applied is seeking extremely broad discovery and attempting to impose a tremendous burden on Mattson. At the same time, Applied is also pursuing a motion for protective order, which would have the practical effect of granting summary judgment in Applied's favor on Mattson's trade secret claims. This is pure gamesmanship. Applied's motion should be denied, and the parties should focus on discovery that is relevant and proportional to the needs of this case.

## II. RELEVANT BACKGROUND

Mattson already served supplemental responses to Applied's interrogatory nos. 3-5 and 7 on March 20, 2026, and confirmed in writing before Applied filed this motion that no information was withheld on the basis of Mattson's compound objection. Applied ignores these supplemental responses, falsely asserting that Mattson "refused to provide substantive answers" due to its objection. Mtn., 2.

Applied's interrogatory nos. 8-14 contain obvious subparts, which is likely why Applied's motion does not lay them out for the Court. As just two examples:

> **Interrogatory No. 9:** For each ALLEGED TRADE SECRET identified in YOUR responses to Interrogatory Nos. 1 and 2 (including any amended or supplemental responses thereto), on a trade secret-by-trade secret basis, state specifically **[1]** all of YOUR bases for all of your contentions that such ALLEGED TRADE SECRET was misappropriated by APPLIED. For the avoidance of doubt, this includes identifying **[2]** all instances in which you contend APPLIED misappropriated each such ALLEGED TRADE

> SECRET (each an "Instance"), all facts forming the bases for all YOUR contentions that APPLIED misappropriated each such ALLEGED TRADE SECRET in each such Instance, **[3]** whether YOU contend for each such Instance that each such ALLEGED TRADE SECRET was misappropriated directly, indirectly, and/or vicariously, and **[4]** how YOU contend that APPLIED acquired, has used, is using, plans or intends to use, **[5]** has disclosed, is disclosing, and/or plans or intends to disclose, each such ALLEGED TRADE SECRET for each such Instance. If YOUR response for any ALLEGED TRADE SECRET is that APPLIED has used, is using, or plans to use the ALLEGED TRADE SECRET in regard to the conceptualization, development, manufacturing, or testing of any version of any APPLIED PRODUCT, **[6]** identify and describe how each such APPLIED PRODUCT in fact incorporates or uses the ALLEGED TRADE SECRET(S), **[7]** how such ALLEGED TRADE SECRET was incorporated or used in the development of such APPLIED PRODUCT, and/or **[8]** how APPLIED plans or intends to use the ALLEGED TRADE SECRET in regard to the conceptualization, development, manufacturing, or testing of such APPLIED PRODUCT. **[Numbers added.]**
>
> **Interrogatory No. 10:** For each ALLEGED TRADE SECRET identified in YOUR responses to Interrogatory Nos. 1 and 2 (including any amended or supplemental responses thereto), on a trade secret-by-trade secret basis, **[1]** describe in detail the facts and circumstances under which YOU conceived of, developed, designed, or acquired the ALLEGED TRADE SECRET, including, without limitation, **[2]** the identity of each PERSON involved in the conception, development, design, and/or acquisition of the ALLEGED TRADE SECRET, and the nature and level of involvement of each such PERSON in regard to such conception, development, design, and/or acquisition of the ALLEGED TRADE SECRET. **[Numbers added.]**

These are not single questions "asking for several bits of information relating to the same topic," as Applied contends. Mtn., 2. Mattson reasonably objected that these interrogatories contain multiple subparts that would cause Applied to exceed the allowable number of interrogatories and offered to meet and confer regarding the interrogatories. *See* Joint Chart.

Despite multiple meet and confer communications, Applied has never attempted to narrow any of its interrogatories. Applied's all-or-nothing approach is evident from the concurrently-filed joint chart; Applied fails to offer any "proposed compromises" and instead argues Mattson's objections should be overruled and responses should be provided within 7 days (an impossible time frame to respond to so many interrogatories). Mattson identifies several possible compromises, including that Mattson could answer the interrogatories as a whole (instead of a "trade secret-by-trade secret basis").

## III. ARGUMENT

Under Federal Rule of Civil Procedure 26(b)(1), discovery must be "proportional to the needs of the case," including considerations as to "the importance of the discovery in resolving the issues,

and whether the burden or expense of the proposed discovery outweighs its likely benefit." Within that scope of discovery, Rule 33(a)(1) allows a party to serve "no more than 25 written interrogatories, including all discrete subparts," unless otherwise stipulated or ordered by the court. Fed. R. Civ. P. 33(a)(1). The Advisory Committee Notes explain, "Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects." *Id.* at Adv. Comm. Notes for 1993 Amend., Subdivision (a). Rule 33 requires "judicial scrutiny before parties make potentially excessive use of this discovery device." *Id.* Courts have found that interrogatories that ask a party to state facts, identify persons with knowledge of the facts, and identify documents relating to the facts contain at least three discrete subparts. *See, e.g., Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 218-19 (C.D. Cal. 2009) (denying motion to compel because "responses to the interrogatories, even in part, would exceed 25 interrogatories").

Contrary to Applied's assertion, there is no "black-letter law" that an interrogatory demanding information about multiple trade secrets counts as one interrogatory. Indeed, during the meet and confer process, Mattson identified for Applied several cases reaching the opposite conclusion. For example, in *Microvention, Inc. v. Balt USA, LLC*, No. 8:20-CV-02400, 2021 WL 4840786, at *2 (C.D. Cal. Sept. 8, 2021), the defendant served an interrogatory asking the plaintiff to identify each claimed trade secret and explain why each trade secret was not generally known. The district court sustained the plaintiff's compound objection, finding that the request to explain why each trade secret was not generally known would count as at least as many interrogatories as the number of trade secrets, as follows:

> The Court further SUSTAINS Plaintiff's objection that Rog No. 1 was compound. Requiring Plaintiff to not only identify each alleged trade secret (which would count as one interrogatory) but also explain for each trade secret the "specific information that constitutes the trade secret, how or why such information is not generally known, and how or why such trade secrets can be distinguished from matters already known to persons skilled in the field" (***which would count as at least as many interrogatories as allegedly misappropriated trade secrets***), would run afoul of Rule 33's limitation on the number of interrogatories. See Fed. R. Civ. P. 33(a)(1).

*Id.* (emphasis added). Applied does not even attempt to distinguish this authority.

That is not an isolated case. In *Anokiwave, Inc. v. Rebeiz*, No. 318CV00629, 2019 WL 3935817, at *3 (S.D. Cal. Aug. 20, 2019), the defendant served three interrogatories asking the plaintiff for information regarding the persons who invented each claimed trade secret and to explain the novelty

of each claimed trade secret. The district court denied the defendant's motion to compel further responses because the interrogatories were "overbroad, cumulative, and compound," noting that the plaintiff had identified 18 people who were involved in inventing 43 trade secrets, and requiring the plaintiff to respond "as to each of the eighteen persons identified and addressing each of the 43 identified secrets in a single interrogatory is improper and unduly burdensome." *Id.*

Applied's interrogatories similarly run afoul of the limitations imposed by Rules 26 and 33, which are designed to prevent unduly burdensome discovery that is not proportional to the needs of the case. For example, interrogatory no. 9 (set forth above) would require Mattson to state, "on a trade secret-by-trade secret basis" for each of its 12 trade secrets, the following: (1) all bases for the legal contention that Applied misappropriated trade secrets; (2) all facts relating to the instances where Applied misappropriated trade secrets; (3) whether each misappropriation was direct, indirect, or vicarious; (4) facts to show Applied is using the trade secrets; (5) facts to show Applied has disclosed the trade secrets; (6) each Applied product that actually uses the trade secrets; (7) how Applied used the trade secrets to develop its products; and (8) how Applied plans to use the trade secrets in future products or testing. That is at least 8 discrete separate subjects for each of the 12 trade secrets. Likewise, interrogatory no. 10 (also set forth above) asks Mattson, again on a "trade secret-by-trade secret basis" for each of the 12 trade secrets, (1) to state all facts regarding the development of the trade secrets, (2) to identify each person involved, and (3) and explain each person's involvement. That is a classic example of a compound interrogatory that asks a party to both state facts and identify persons. Properly numbered, Applied has served well over 100 interrogatories, which far exceeds the proportional needs for discovery in this case and would impose an undue burden on Mattson.

Some of the authority cited by Applied is inapposite because those cases involved single trade secrets or patents. For instance, Applied cites *BladeRoom Grp. Ltd. v. Facebook, Inc.*, 2017 WL 11637729 (N.D. Cal. Mar. 9, 2017), where the court overruled the plaintiff's compound objections because the plaintiff had characterized their trade secrets as a "unitary product." That is not the case here—indeed, Applied argues in its motion for protective order that the "Red Path" trade secrets are distinct from the "Grey Path" and "Green Path" trade secrets. Applied also cites *Synopsys, Inc. v. ATopTech, Inc.*, 319 F.R.D. 293 at 295 (N.D. Cal. 2016), where the court noted, as a general rule in

***patent cases***, that interrogatories involving multiple products contain "at least as many discrete subparts as there are accused products at issue, and potentially more." Because that case involved variations of a single product, the court counted a request for information about "all accused products" as one interrogatory. *Id.* By contrast, here Mattson has alleged 12 separate trade secrets, relating to, among other things, multiple types of plasma sources, process recipes, and technical information related to prototype equipment and testing apparatuses shown in various photographs and videos that Mr. Nagorny took from his time at Mattson. And, as noted above, Applied has admitted that Mattson's trade secrets are distinct.

Other cases Applied cites actually support Mattson. *See Phoenix Modular Elevator, Inc. v. T.L. Shield & Assocs., Inc.*, 2014 WL 12569343 (C.D. Cal. July 22, 2014) (finding multiple compound interrogatories); *Alkayali v. GENI, Inc.*, 2008 WL 11342554 (C.D. Cal. Jan. 25, 2008) (denying motion to compel because interrogatories contained subparts; *Safeco of Am. v. Rawstron,* 181 F.R.D. 441 (C.D. Cal. 1998) (denying motion to compel and sustaining objection to compound interrogatories); *Shell v. American Family Rights Ass'n*, 2012 WL 3778285 (D. Colo. Aug. 30, 2012) (finding interrogatories contained subparts); *In re Lithium Ion Batteries Antitrust Litig.*, 2015 WL 1221924 (N.D. Cal. Mar. 17, 2015) (noting interrogatories "arguably" contained subparts but treating them as single interrogatories for equitable reasons inapplicable here); *Trevino v. ACB Am, Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (finding compound interrogatories). Similarly, here, Applied's interrogatories are compound, and the subparts would cause Applied to far exceed 25 interrogatories. While Applied argues in the alternative that it should be granted additional interrogatories, it fails to show that the 100+ interrogatories it has served would be proportional to the case.

## IV. CONCLUSION

Applied fails to show that it is entitled to further responses to interrogatory nos. 3-5 and 7, which Mattson has already answered, and fails to show that it is entitled to responses to interrogatory nos. 8-14, which contain impermissible subparts and would exceed the 25-interrogatory limit. As a compromise, Mattson is willing to provide a single response to each interrogatory for all of its trade secrets, which would include a substantive response and the identification of documents.

DATED: April 16, 2026

**JENNER & BLOCK LLP**

By: /s/ AnnaMarie A. Van Hoesen

Brent Caslin
AnnaMarie A. Van Hoesen
Kelly M. Morrison
515 S. Flower Street, Suite 3300
Los Angeles, California 90071-2246
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

*Attorneys for Plaintiff MATTSON TECHNOLOGY, INC.*

DATED: April 16, 2026

**GIBSON, DUNN & CRUTCHER LLP**

By: /s/ L. Kieran Kieckhefer

L. Kieran Kieckhefer
Joseph A. Gorman
Christina E. Myrold
One Embarcadero Center, Suite 2600
San Francisco, California 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

Stuart M. Rosenberg
310 University Avenue
Palo Alto, CA 94301
Telephone: 650.849.5300
Facsimile: 650.849.5333

*Attorneys for Defendant APPLIED MATERIALS, INC.*

**ECF ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I hereby attest that I obtained concurrence in the filing of this document from the signatory indicated by the conformed signature.

DATED: April 16, 2026

By: */s/ L. Kieran Kieckhefer*
L. Kieran Kieckhefer