UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATTSON TECHNOLOGY, INC.,

Plaintiff,

v.

APPLIED MATERIALS, INC., et al.,

Defendants.

Case No.  23-cv-06071-SVK

**ORDER SETTING DISCOVERY HEARING IN RE DKTS. 213, 215**

Re: Dkt. Nos. 213, 215

Before the Court are the Parties' Joint Submissions arising out of Plaintiff Mattson Technology, Inc.'s ("Mattson") responses to interrogatories.  In the first submission, Defendant Applied Materials, Inc. ("Applied") seeks a protective order excluding from discovery certain technologies identified by Mattson as trade secrets. Dkt. 213.  In the second, Applied seeks to compel Mattson to respond to Interrogatories 8-14, specifically challenging Mattson's objection that the interrogatories exceed the presumptive 25-interrogatory limit set forth in Rule 33.  Dkt. 215;  Fed. R. Civ. P. 33(a)(1).  Having reviewed the litigation history, the submissions and relevant law, the Court will benefit from **in-person oral argument on May 7, 2026**.  In light of the subject matter, the Court will close the courtroom.  The Court estimates that the hearing may run two hours.  For a productive session, the Court provides the following guidelines:

**A.    Technology Overview**

The Court will allow 15 minutes of presentation from each side.  If a party uses slides, they must bring two hard copies for the Court's use in the hearing and file a copy, under seal, immediately following the hearing.  In particular, the Court is interested in explanations of the following:

////

////

- Plasma "sources" and how they relate to the disputed technologies

  - "Direct plasma source" vs. "Remote plasma source" ("Trade Secret 3"), (*see* Dkt. 213-3);

- "High efficiency plasma source system" ("Trade Secret 4"), (*see* Dkt. 213-1);

- "Remote plasma processing equipment," (FAC, ¶ 17);

- The relationship between processing equipment and process recipes;

- Project Traveler's relationship to the foregoing concepts;

- The relationship of Grey Path/Green Path/Red Path to the foregoing concepts;  and

- The relationship of the "plasma tools" identified in response to Interrogatory no. 4, (*see* Dkt. 215-1) to the foregoing concepts.

### B.    Dkt. 213: Disputed Technologies

The Court does not read *Quintara* as broadly as Plaintiff.  *Contra* Dkt. 213 at 9, 11-13 (citing *Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc.*, 149 F.4th 1081 (9th Cir. 2025)).  While it may be that some of the "trade secrets" identified at nos. 3-12 in response to Interrogatory no. 1 are legitimately within the bounds of the operative complaint, others may need to be addressed by a motion to amend.  Counsel should be prepared to review the disputed technologies with the Court and respond to the Court's inquiries.

### C.    Dkt. 215:  Disputed Interrogatories

The Court is generally inclined to allow interrogatories calling for information as to each trade secret identified by Plaintiffs, without counting the response as to each trade secret as a separate interrogatory.  Notwithstanding this inclination, some of the interrogatories appear to be overbroad and not proportional to the needs of the case.  Counsel will be prepared to address.

**SO ORDERED.**

Dated: April 27, 2026

_____

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California