UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

| | |
|---|---|
| MATTSON TECHNOLOGY, INC., | Case No. 23-cv-06071-SVK |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR PROTECTIVE ORDER; RESOLVING DISCOVERY OBJECTIONS** |
| APPLIED MATERIALS, INC., et al., | |
| Defendants. | Re: Dkt. Nos. 213, 215 |

Before the Court are the Parties' Joint Submissions arising out of Plaintiff Mattson Technology, Inc.'s ("Mattson") responses to certain interrogatories. In the first submission, Defendant Applied Materials, Inc. ("Applied") seeks a protective order excluding from discovery certain technologies identified by Mattson as trade secrets. Dkt. 213. In the second, Applied seeks to compel Mattson to respond to Interrogatories 8-14, specifically challenging Mattson's objection that the interrogatories exceed the presumptive 25-interrogatory limit set forth in Rule 33. Dkt. 215; Fed. R. Civ. P. 33(a)(1). The matter came on for hearing on May 7, 2026. Dkt. 229. In a closed hearing, the Court heard the Parties' presentation as to the technology involved in this trade secret action,[1] followed by arguments relating to the request for protective order.[2] Having considered the Parties' submissions and arguments, the relevant law and the history in this action, including the contours of the First Amended Complaint, (Dkt. 45 ("FAC")), the Court **GRANTS**

---

[1] *See* Dkts. 230-2, 231-1. Certain portions of the Parties' materials, including a description of the trade secrets at issue, are subject to pending administrative motions to seal. Dkts. 214, 216, 230-31. As reflected in the accompanying Order Granting in Part and Denying in Part these motions, the Parties' sealing requests are overbroad in certain respects. In the interest of public access, this Order discusses the material at issue, including Mattson's asserted trade secrets, to the same extent as disclosed in the First Amended Complaint, which is publicly filed. *See* Dkt. 45.

[2] The Court determines that the issues set forth in Dkt. 215, although informed by the technology overview and arguments as to the protective order, may be resolved without further argument pursuant to Civil L.R. 7-1(b).

**IN PART** and **DENIES IN PART** Applied's request for a protective order.  Moreover, in light of the protective order, the Court **SUSTAINS IN PART** and **OVERRULES IN PART** Mattson's objections to the disputed interrogatories as set forth in **Attachment A**.

## I.      BACKGROUND

### A.      Relevant Factual and Procedural History

This is a trade secret action brought by Mattson against Applied, arising generally out of the departure of two former Mattson employees, co-Defendants Vladimir Nagorny and Rene George, who were hired away by Applied.  *See, generally*, Dkt. 104 at 2-3 (describing the allegations based on the FAC) (citing FAC, ¶¶ 10, 13, 17, 20-21, 25-30, 32-38, 41-49, 50, 53-64). As reflected in the Court's Order Granting in Part and Denying in Part Motions to Dismiss and Strike (the "MTD Order") and the FAC, Mattson's alleged trade secrets relate to two "developments associated with the two proprietary approaches under 'Project Traveler,' namely: (1) the 'Green Path' approach and (2) the 'Grey Path' approach."  FAC, ¶ 18;  *see also* Dkt. 104 at 2-3.

In November 2024, Applied served two interrogatories in this case, Interrogatory nos. 1-2, asking Mattson to identify each alleged trade secret that it alleges Defendants (*i.e.*, Applied, Dr. Nagorny, and Mr. George) misappropriated in this action and to identify whether and to what extent any were combination trade secrets.  Dkt. 214-2 at 2, 8.;  Dkt. 213 at 5.  Mattson responded in January 2025 and, after meeting and conferring with Applied, amended the responses in June 2025.  Dkt. 213 at 5.

At that point, in July, 2025, the case diverged to a dispute regarding disqualification of Mattson's prior counsel.  *See* Dkts. 157, 162, 168, 170, 188, 193, 197, 198, 200, 201.  This resulted, *inter alia*, in the Court striking "all work done by [prior counsel] on this case between April 27, 2025 and June 12, 2025," including the amended responses.  Dkt. 188 at 10 (emphasis omitted).  After the appearance of new counsel and the entry of a new case schedule in December 2025, the Parties met and conferred and, on March 6, 2026, Mattson served the current, supplemental responses to Interrogatory nos. 1-2, which are the subject of Applied's request for a protective order.  Dkt. 213 at 5.

United States District Court
Northern District of California

**B.     The Trade Secrets Asserted in Response to Interrogatory Nos. 1-2**

Mattson's responses identify 12 trade secrets.  Trade Secret 1 and 2 are the "design and technical developments related to Mattson's 'Grey Path' approach … [and] 'Green Path' approach," respectively, including certain details the Court need not repeat here.  Dkts. 213-1 at 3-4.  Applied does not challenge the assertion of these trade secrets as improper.  The focus of Applied's motion for protective order is Trade Secrets 3-12.

Trade Secret 3 comprises Mattson's "process recipes" for certain systems, including 3(a) "direct" plasma source systems and (b) "remote" plasma source systems.  Dkt. 213-1 at 5.  As explained by the Parties in their technology overviews, at a high level, plasma is a state of matter wherein gas is excited so that it may separate into radicals and ions.  Dkt. 230-2 at 4;  Dkt. 231-1 at 3.  Plasma is useful for etching and "ashing" silicon wafers, the steps of semiconductor manufacturing that yield patterns in silicon chips.  Dkt. 230-2 at 5-6;  Dkt. 231-1 at 4.  Direct plasma sources generate plasma directly in the chamber of the wafer to be etched, while remote plasma sources generate plasma in a separate chamber before bringing it (or parts of it) into contact with a wafer.  Dkt. 230-2 at 8;  Dkt. 231-1 at 5.  A "process recipe" in silicon wafer etching is the collection of parameters, such as temperature, pressure, flow rate, gas composition and power to which equipment comprising a plasma source is set.  Dkt. 230-2 at 13;  Dkt. 231-1 at 6.  As reflected in the FAC, Mattson's Project Traveler, of which Green Path and Grey Path were "two proprietary approaches," was a project initiated for the development of remote plasma tools.  FAC, ¶¶ 17-18.

Trade Secret 4 comprises Mattson's process recipes specifically related to "a high efficiency plasma source system."  Dkt. 213-1 at 5.  Mattson's counsel acknowledged at the hearing that while the Grey Path approach involved high efficiency plasma sources, the alleged Trade Secret 4 was broader than just Grey Path.  Trade Secret 4 also refers to certain documents produced by Dr. Nagorny, cabined by an "including" clause.  *See id.* at 5.

Trade Secret 5 comprises "teachings from Mattson's research and development relating to the translation of process recipes between" plasma sources with and without inserts.  *Id.* at 5-6.  An "insert," as alleged in the FAC, refers to "the use of a gas injection insert," (*see* FAC, ¶¶ 21,

26-30), which in silicon wafer manufacturing may be used to change the effective volume of a plasma source's chamber. Mattson's Grey Path approach involved experimentation adjusting "the position of the gas injection insert relative to the induction coil in the plasma source." FAC, ¶ 21.

Trade Secret 6 comprises "information and equipment" related to Mattson's prototypes and testing. Dkt. 213-1 at 6. As asserted by Mattson in response to Interrogatory no. 1, this trade secret is not limited to remote plasma sources, Project Traveler, Green or Grey Path, or any specific equipment used therewith. *See id.*

Trade Secret 7 is highly similar to Trade Secret 6, but confined to a certain subset of documents, including videos and photographs, produced by Dr. Nagorny in this case. *Id.* at 6-7. At least some of these documents relate to "Red Path," described below.

Trade Secret 8 comprises the results of experiments and testing conducted using Mattson's prototype equipment and in its laboratories. *Id.* at 7.

Trade Secrets 9-11 refer to three specific documents produced by Mattson, and seek to assert the "technical, engineering, and experimental" information contained therein. *Id.*

Finally, Trade Secret 12 comprises the "design, technical developments, and experimental results related to Mattson's 'Red Path' approach." *Id.* at 8. At a high level, "Red Path" was another remote plasma source approach pursued by Mattson as part of Project Traveler. It was distinct from the Green Path and Grey Path approaches. It does not appear directly in the FAC. *See, generally*, FAC.

## II.    DISCUSSION

Pursuant to Rule 26, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). Where a party believes that a discovery request falls outside the scope of discovery, it may seek a protective order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed R. Civ. P. 26(c). The relevant claim here is Mattson's claim of misappropriation under the Defend Trade Secrets Act ("DTSA"), [3]

---

[3] The California Uniform Trade Secrets Act is not at issue in this case. *See* FAC.

United States District Court
Northern District of California

18 U.S.C. § 1836 *et seq. See* FAC. Applied seeks "a protective order barring Mattson from obtaining discovery on unalleged trade secrets." Dkt. 213 at 4.

Mattson argues that Applied "seeks summary judgment" "under the guise of a discovery motion," and that the Ninth Circuit's recent decision in *Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc.* holds that the "DTSA does not require a plaintiff to identify with particularity its alleged trade secrets from the start." *Id.* at 9 (quoting 149 F.4th 1081, 1085 (9th Cir. 2025)). Applied argues that *Quintara*, while relevant, addresses only "how specifically a plaintiff must describe *pleaded* trade secrets—not whether a plaintiff may introduce entirely new, unpleaded trade secrets through discovery." Dkt. 213 at 7. The Ninth Circuit's guidance in *Quintara* is relevant to the analysis, but the Court finds Applied's reading of *Quintara* closer to the mark.

### A.      Applied Is Entitled to a Protective Order to the Extent Mattson Seeks Discovery into Unalleged Trade Secrets

Among the elements that a trade-secret plaintiff must plead and prove are that "the claimed trade secret has *sufficient particularity* to separate it from matters of general knowledge in the trade or of special knowledge of those persons ... skilled in the trade." *See Quintara*, 149 F.4th at 1087 (cleaned up). Thus, "trade-secret cases present … a 'delicate problem.'" *Id.* at 1085. "How can plaintiffs plead, discover, and prove whether a trade secret has been misappropriated without giving away the trade secret? On the other hand, how can defendants respond to discovery without giving away their own trade secrets?" *Id.* Courts have struck a balance in addressing this "delicate problem" by holding that at the pleading stage, the DTSA does not require a plaintiff to "spell out the details" of every conceivable trade secret. *Contractor Mgmt. Servs. LLC v. Para Inc.*, No. 25-cv-01645-PHX (DWL), 2026 WL 251792, at *18 (D. Ariz. Jan. 30, 2026) (citing, *inter alia*, *Quintara*, 149 F.4th at 1085 ("The federal DTSA does not require a plaintiff to identify with particularity its alleged trade secrets from the start.")). Yet, at the same time, "[p]laintiffs may not simply rely upon 'catchall' phrases or identify categories of trade secrets they intend to pursue at trial." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 658 (9th Cir. 2020). "Federal cases analyzing whether a plaintiff's trade secrets are described with 'sufficient particularity' typically arise in the battleground of discovery. In such cases, discovery provides an

United States District Court
Northern District of California

iterative process where requests between parties lead to a refined and sufficiently particularized trade secret identification." *Id.* at 662.

*Quintara* arose in such a discovery context, and at issue was the district court's striking of certain of the plaintiff's trade secrets identified in a discovery statement and "functional[] dismiss[al]" of them from the case. *Quintara*, 149 F.4th at 1089.  In reversing that decision, the Ninth Circuit clarified that a district court should not strike or dismiss a claim under the DTSA under either Rule 12(f), Rule 16 or Rule 37 merely for "failure to specify its trade secrets at the outset of discovery" or failure to show "sufficient particularity" at the pleading stage. *See* 149 F.4th at 1089-92.  However, *Quintara* does not alter the fundamental pleading requirements under Rule 8, or the parameters of Rule 26. *See id.* at 1089 ("[T]he conventional procedures under the Federal Rules of Civil Procedure apply" to trade secret claims under the DTSA); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Rule 8 requires the complaint to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests.").  Consequently, *Quintara* does not address directly the question before this Court:  whether trade secrets identified in a discovery response even appear in the Complaint.  Helpfully, however, *Quintara* explicitly contemplates that, instead of dismissal, a district court should "manage th[e] 'delicate problem' [of trade secret disclosure] with broad Rule 16 pretrial management powers, and more specific authority to order that trade secrets 'be revealed only in a specified way.' Fed. R. Civ. P. 26(c)(1)(G)." *Id.* at 1088 ).  For example, the Ninth Circuit explained that among the tools of "less drastic sanctions" available to a district court, it "could have granted *a protective order limiting discovery* to whether Quintara had identified its trade secrets with 'sufficient particularity' before permitting additional discovery." *Id.* at 1091 (emphasis added).

Thus, the remedy of a protective order is available to Applied, and the question before the Court is two-fold:  First, what trade secrets does Mattson plead in the FAC sufficiently to give fair notice to Applied that misappropriation of those trade secrets is asserted?  Second, which of Mattson's 12 "Trade Secrets" identified in response to Interrogatory no. 1 are more-specific identifications of those trade secrets, as contemplated in *Quintara*, as opposed to new trade secrets not yet at issue in this case?

### B.    Mattson's FAC Is Fairly Read to Put Applied on Notice of Trade Secrets Related to the "Grey Path" and "Green Path" Approaches

The Court finds that the allegations of the FAC, as currently pleaded, may be fairly read to put Applied on notice of Mattson's trade secrets associated with the equipment used in Grey Path and Green Path.  Mattson's FAC is clearly directed to "the developments associated with *the two proprietary approaches* under 'Project Traveler,' namely: (1) the 'Green Path' approach and (2) the 'Grey Path' approach."  FAC, ¶ 18.  All of the trade secret allegations of Mattson's FAC are tied to either Green Path or Grey Path, and generally to the equipment used or developed, and testing conducted, therein.  *See* FAC, ¶¶ 16-21, 25-30.

Mattson's argument that it has alleged trade secrets related broadly to high-efficiency plasma sources generally or to direct plasma sources is unpersuasive.  Direct plasma sources and high-efficiency plasma sources generally are clearly outside the scope of the FAC, as they are mentioned just twice, each time in the context of *published* patent applications that are not alleged to be trade secrets.  FAC, ¶¶ 21, 26, 29-30.

Mattson's argument that it has alleged Project Traveler as a whole was misappropriated, including the previously undisclosed "Red Path" approach, is also unavailing.  Although Project Traveler is clearly relevant to the FAC, only "two proprietary approaches under 'Project Traveler'" are alleged to be at issue.  FAC, ¶ 18.  At the hearing and in the joint submission, Mattson pointed to just two paragraphs as supporting Red Path and other aspects of Project Traveler beyond Green Path and Grey Path – paragraphs 54 and 55.  Dkt. 213 at 9-10 (citing FAC, ¶¶ 54-55).  But these paragraphs include only vague statements about how "Dr. Vladimir Nagorny and Mr. Rene George explored multiple different types of sources, including a 'Grey Path' Source and a 'Green Path' Source…."  FAC, ¶¶ 54-55.  Mattson may not use "Project Traveler" as a "catch-all" trade-secret nor "plasma sources" as a category of endless trade secrets.  *See InteliClear*, 978 F.3d at 658.  Thus, these paragraphs are insufficient to put Applied on notice that the entirety of Project Traveler, including Red Path, are at issue.  Moreover, allowing Mattson to rely on paragraphs 54-55 would contradict the representation Mattson's prior counsel made to this Court, which the Court relied on in its MTD Order, that the trade secrets in this case are limited to

United States District Court
Northern District of California

7

the "Grey Path" and "Green Path" approaches as set forth in paragraphs 17-21 and 26-30 of the FAC. Dtk. 100 at 10:22-11:10, 16:19-17:2.

On the other hand, Applied's assertion that process recipes and testing information are necessarily outside the scope of the FAC, and that the trade secrets as alleged are limited to certain equipment with specific features, goes too far. Although the majority of the allegations of the FAC relate to equipment, *e.g.*, the plasma sources used in the "Grey Path" and "Green Path" approaches, the FAC is clear enough to put Applied on notice of other "developments" associated with "Grey Path" and "Green Path" approaches. This includes the "designing and subsequent[] testing and validating" of the equipment, which the Court views as a necessary part of developing the approaches at issue. *See* FAC, ¶¶ 18-21. In particular with regard to the Parties' dispute over process recipes, the Court is persuaded that "testing and validating" the equipment at issue could not proceed without use of specific process recipes, and thus such recipes are at issue to the extent they are part of the "Grey Path" and "Green Path" approaches.

Accordingly, the Court finds that the trade secrets at issue in Mattson's FAC are the "information and concepts related to" the "Grey Path" or "Green Path" approaches, in particular the "designing and subsequent testing and validating" of the approaches. FAC, ¶¶ 18-19.

**C.      Applied's Request for Protective Order is Granted in Part and Denied in Part**

Accordingly, evaluating Mattson's 12 Trade Secrets disclosed in response to Interrogatory no. 1 in light of the above analysis and the FAC, the Court **GRANTS IN PART** and **DENIES IN PART** Applied's request for a protective order as follows.

Pursuant to Rule 26(c)(1)(D), the scope of discovery as to Mattson's asserted trade secrets is limited to information and concepts related to the designing, testing and validating of the "Grey Path" and "Green Path" approaches. Thus, Mattson may seek discovery into:

- Trade Secret 1;
- Trade Secret 2;
- Trade Secret 3.b. only insofar as it relates to "…systems utilizing a remote plasma source as part of the Grey Path or Green Path approaches";

////

United States District Court
Northern District of California

United States District Court
Northern District of California

- Trade Secret 4 only insofar as it relates to "the parameters of a high efficiency plasma source <u>as part of the Grey Path or Green Path approaches and</u> having an insert…";

- Trade Secret 5 only insofar as it relates to Mattson's "research and development <u>under the Grey Path or Green Path approaches</u> relating to the translation of process recipes between…";

- Trade Secret 6.a., 6.b. and 6.c. only insofar as the "testing" or "operation of prototype equipment" was "conducted <u>as part of the Grey Path or Green Path approaches;</u>" 6.d. shall relate to 6.a-c. as limited herein;

- Trade Secret 7 only insofar as it relates to "technical and engineering information related to Mattson's prototype equipment and testing apparatuses used <u>as part of the Grey Path or Green Path approaches.</u>"  Given the wide page ranges of the documents cited by Mattson in support of this Trade Secret, it shall be Mattson's burden to narrow its identification of documents to only those asserted to be related to the "Grey Path" or "Green Path" approaches;

- Trade Secret 8 only insofar as it relates to the "[r]esults of experiments and testing conducted <u>as part of the Grey Path or Green Path approaches</u>";

- Trade Secret 9 only insofar as it relates to "technical, engineering and experimental information <u>related to the Green Path approach</u>," as explained by Applied's counsel during the hearing;

- Trade Secret 10;  and

- Trade Secret 11

Dkt. 213-1 (as modified by the Court via the addition of underlined phrases).  Mattson may not seek discovery into trade secrets related to direct plasma sources, high-efficiency sources unrelated to the "Grey Path" or "Green Path" approaches, or other aspects of Project Traveler, including "Red Path."  Thus, Mattson may not seek discovery into Trade Secret 12.

////

////

United States District Court
Northern District of California

**D.    Dkt. 215 – Mattson's Objections to Applied's Other Interrogatories**

In light of the above, the Court sets forth its rulings on the Parties' remaining disputed interrogatories, as set forth in Dkt. 215, in **Attachment A.**

**III.    CONCLUSION;  SEEKING LEAVE TO AMEND**

In granting in part Applied's request for a protective order, the Court does not resolve the merits of any of Mattson's other asserted trade secrets.  Under *Quintara*, it would be improper to do so at this juncture.  *See Quintara*, 149 F.4th at 1089-92.  The Court merely determines that Mattson's other trade secrets are not alleged in the FAC.  As indicated at the hearing, the Court permits Mattson to seek leave to amend the FAC pursuant to Rule 15.  Applied may oppose, and the Court will evaluate the relevant factors of diligence, bad faith, repeated failure to cure deficiencies, prejudice and futility.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  If Mattson intends to seek leave to amend, the Parties shall meet and confer as to a briefing schedule and any adjustments to the case schedule which remains in place.  Dkt. 206

**SO ORDERED.**

Dated: May 12, 2026

_____
SUSAN VAN KEULEN
United States Magistrate Judge

10

# ATTACHMENT A

**JOINT CHART REGARDING APPLIED'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES**

**Case No. 5:23-cv-06071-SVK**

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| **Interrogatory No. 3**<br><br>For each ALLEGED TRADE SECRET identified in response to Interrogatory No. 1, describe all actions YOU have taken to safeguard, defend, and/or maintain the secrecy of such ALLEGED TRADE SECRET, including all actions taken relating to or involving Rene George and/or Vladimir Nagorny. | **First Supplemental Response (current):**<br><br>Mattson incorporates the General Objections as if fully set forth herein. Mattson further objects to this Interrogatory on the ground that it is compound and contains at least 12 discrete subparts. Specifically, this Interrogatory asks Mattson to answer, for each of 12 different trade secrets, "all actions" it took to maintain the secrecy of each trade secret. Mattson further objects to this Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or is otherwise protected from disclosure by any other applicable privilege or immunity. Mattson reserves the right to object to any subsequent interrogatories on the grounds that Applied has exceeded the allowable number of interrogatories. Mattson further objects to this Interrogatory to the extent it calls for a legal conclusion. Mattson further objects that this Interrogatory seeks information that is not relevant to any claim or defense or proportional to the needs of the case, and is overly broad and unduly burdensome, because it seeks a description of "all actions" Mattson has taken "relating to or involving Rene George and/or Vladimir Nagorny." | Mattson's compound objection should be overruled, and Mattson should be ordered to produce a substantive response within 7 days. | Mattson proposes: (1) as Mattson has already responded, without withholding information based on the compound objection, it will continue to supplement this interrogatory response if additional information is discovered pursuant to FRCP 26(e); and (2) Applied may pursue any additional information it seeks through the more appropriate means of document requests or deposition | Mattson's objection as to the compound nature of the interrogatory is **OVERRULED**; Mattson has asserted multiple trade secrets in response to Interrogatory no. 1, and may fairly be held to answer Applied's interrogatories seeking information on a trade-secret by trade-secret basis.<br><br>However, as Mattson has not appeared to have actually withheld any information based on its compound objection, Mattson's answer is sufficient and Applied' request to compel a further response at this juncture is **DENIED**. |

2

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| | Subject to, and without waiving, the foregoing general and specific objections, Mattson responds as follows:<br><br>Mattson employs comprehensive and redundant measures to safeguard and maintain the secrecy of each of the Trade Secrets. These measures include, but are not limited to, | | | |

3

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| | | | | |

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| | Mattson also uses both physical and digital access controls to protect its trade secrets. These include | | | |

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| | Mattson's effort to safeguard, defend, and/or maintain the secrecy of its Trade Secrets is not a static approach. From time to time, Mattson assesses its internal processes and the current landscape of standards implemented in the industry. As a result, Mattson undertakes to adapt its approaches to comport with the contemporary best practices relevant to the semiconductor processing equipment industry and in light of the particular trade secrets to be protected.<br><br>Mattson continues to investigate the subject matter of the Interrogatory and reserves the right to supplement, amend, or revise this response as may be warranted in light of ongoing discovery. | | | |

6

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| **Interrogatory No. 4**<br><br>For each ALLEGED TRADE SECRET identified in response to Interrogatory No. 1, identify each MATTSON PRODUCT that has incorporated, used, or commercialized, in whole or in part, such ALLEGED TRADE SECRET—whether in the development phase, final version, or otherwise. For the avoidance of doubt, YOUR response to this Interrogatory should include where an ALLEGED TRADE SECRET was used in the development of a MATTSON PRODUCT. | **First Supplemental Response (current):**<br>Mattson incorporates the General Objections as if fully set forth herein. Mattson also objects to this Interrogatory on the ground that it is compound and contains at least 24 discrete subparts. Specifically, this Interrogatory asks Mattson to answer for each of 12 different trade secrets, (i) each Mattson Product that has incorporated, used, or commercialized, in whole or in part, each trade secret, and (ii) "where" the trade secret was used in the development of such Product. The numerous subparts in this Interrogatory are not logically or factually subsumed within the first question, including because the trade secrets are unique. Mattson also reserves the right to object to any subsequent interrogatories on the grounds that Applied has exceeded the allowable number of interrogatories.<br><br>Mattson further objects that this Interrogatory seeks information that is not relevant to any claim or defense or proportional to the needs of the case, and is overly broad and unduly burdensome, because it seeks each Mattson product that was developed even incidentally on a trade secret. Mattson further objects to this Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or is otherwise protected | Mattson's compound objection should be overruled, and Mattson should be ordered to produce a substantive response within 7 days. | Mattson proposes: (1) as Mattson has already responded, without withholding information based on the compound objection, it will continue to supplement this interrogatory response if additional information is discovered pursuant to FRCP 26(e);<br><br>and (2) Applied may pursue any additional information it seeks through the more appropriate means of document requests or deposition. | *See* ruling re Interrogatory no. 3, above. |

7

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| | from disclosure by any other applicable privilege or immunity. Mattson further objects to this Interrogatory to the extent it calls for a legal conclusion.<br><br>Subject to, and without waiving, the foregoing general and specific objections, including Mattson's objection to the definition of MATTSON PRODUCT, Mattson responds as follows: | | | |

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| | [redacted]<br><br>Mattson continues to investigate the subject matter of the Interrogatory and reserves the right to supplement, amend, or revise this response as may be warranted in light of ongoing discovery. | | | |

9

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| **Interrogatory No. 5**<br><br>For each ALLEGED TRADE SECRET identified in response Interrogatory No. 1, identify all PERSONS, including any of YOUR current and former employees, independent contractors and consultants, third-party vendors, and actual or potential customers, who at any time had access to the ALLEGED TRADE SECRET, including for each such PERSON the period of time over which that PERSON had such access. | **First Supplemental Response (current):**<br>Mattson incorporates the General Objections as if fully set forth herein. Mattson further objects that this Interrogatory seeks information that is not relevant to any claim or defense or proportional to the needs of the case, and is overly broad and unduly burdensome, because it seeks information regarding "all persons" with access to trade secrets without regard to the purpose for the access or whether the access was brief or incidental, and because the Interrogatory seeks a non-discrete "period of time" of access. Mattson further objects to this Interrogatory as vague and ambiguous as to the phrases "independent contractors and consultants, third-party vendors, and actual or potential customers" and "the period of time over which that PERSON had such access." Mattson construes those terms according to their ordinary meaning. Mattson also objects to this Interrogatory on the ground that it is compound and contains at least 24 discrete subparts. Specifically, this Interrogatory asks Mattson to answer for each of 12 different trade secrets, (i) all Persons who had access to | Mattson's compound objection should be overruled, and Mattson should be ordered to produce a substantive response within 7 days. | Mattson proposes: (1) as Mattson has already responded, without withholding information based on the compound objection, it will continue to supplement this interrogatory response if additional information is discovered pursuant to FRCP 26(e); and (2) Applied may pursue any additional information it seeks through the more appropriate means of document requests or deposition. | *See* ruling re Interrogatory no. 3, above. |

10

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| | such trade secret, and (ii) the period of time during which each person had had access. The numerous subparts in this Interrogatory are not logically or factually subsumed within the first question, including because the trade secrets are unique. Mattson reserves the right to object to any subsequent interrogatories on the grounds that Applied has exceeded the allowable number of interrogatories. Mattson further objects to this Interrogatory to the extent it calls for a legal conclusion. Mattson further objects to this Interrogatory to the extent it calls for information that is beyond Mattson's possession, custody, or control. Mattson also objects to this Interrogatory to the extent that it seeks information that is in Defendants' possession rather than Plaintiff's possession. Subject to, and without waiving, the foregoing general and specific objections, Mattson responds as follows: Based on Mattson's reasonable investigation to date, the following individuals had access to information related to one or more of the trade secrets identified in Mattson's March 6, 2026 response to Interrogatory No. 1 during | | | |

11

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| | some portion of their time at Mattson:<br><br>For additional information concerning their | | | |

12

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| | respective knowledge and involvement, Mattson refers to the documents produced as MAT0000115-165; MAT0001051-1075; MAT0004486-4524; MAT0005361-5363; MAT0005367-5373; MAT0005377-5378; MAT0005383-5401; MAT0005414-5432; MAT0005436-5451; MAT0005460-5465; MAT0005468-5479; MAT0005482-5492. Despite his employment terminating, Vladimir Nagorny took with him and continued to have access to Mattson's trade secrets, as evidenced by the documents produced as VN-000001-685. Mattson is informed and believes that Vladimir Nagorny shared those documents or gave access to others at Applied, whose identities are unknown to Mattson at this time. Mattson continues to investigate the subject matter of the Interrogatory and reserves the right to supplement, amend, or revise this response as may be warranted in light of ongoing discovery. | | | |

13

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| **Interrogatory No. 7**<br><br>For each ALLEGED TRADE SECRET identified in response Interrogatory No. 1, set forth in detail all legal and factual bases for YOUR contention that at the time of the alleged misappropriation of such ALLEGED TRADE SECRET, such ALLEGED TRADE SECRET derived independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who could obtain economic value from its disclosure or use. | First Supplemental Response (current):<br><br>Mattson incorporates the General Objections as if fully set forth herein. Mattson also objects to this Interrogatory on the ground that it is compound and contains at least 12 discrete subparts. Specifically, this Interrogatory asks Mattson to describe all legal and factual bases for Mattson's contention that each trade secret derived independent economic value from not being generally known at the time it was misappropriated. The numerous subparts in this Interrogatory are not logically or factually subsumed within the first question, including because the trade secrets are unique. Mattson reserves the right to object to any subsequent interrogatories on the grounds that Applied has exceeded the allowable number of interrogatories.<br><br>Mattson further objects that this Interrogatory seeks information that is not relevant to any claim or defense or proportional to the needs of the case, and is overly broad and unduly burdensome, because it seeks "all legal and factual bases." Mattson further objects to this Interrogatory to the extent it seeks information that is protected from disclosure by the attorney- client privilege and/or work product doctrine or is otherwise protected from disclosure by any other applicable privilege or immunity. Mattson further objects to this | Mattson's compound objection should be overruled, and Mattson should be ordered to produce a substantive response within 7 days. | Mattson proposes: (1) as Mattson has already responded, without withholding information based on the compound objection, it will continue to supplement this interrogatory response if additional information is discovered pursuant to FRCP 26(e); and (2) Applied may pursue any additional information it seeks through the more appropriate means of document requests or deposition. | *See* ruling re Interrogatory no. 3, above. |

14

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| | Interrogatory to the extent it calls for a legal conclusion. Mattson further objects to this Interrogatory to the extent that it seeks information that is outside Mattson's possession, custody, or control. Mattson also objects to this question as premature as it calls for expert discovery before the Court's scheduling pertaining to such discovery. Mattson will respond as to the factual bases known to Mattson at this time. Subject to, and without waiving, the foregoing general and specific objections, Mattson responds as follows: Mattson's Trade Secrets have independent economic value, both to Mattson itself and to its competitors or would-be-competitors that cannot access Mattson's information through proper means. These Trade Secrets give Mattson a significant competitive advantage. The competitive advantage to Mattson is partly in the character of the Trade Secrets being secret. The knowledge by a competitor of the mere existence of Mattson's Trade Secrets affords such competitor an advantage to develop a competing product in advance of any public announcement of Mattson's commercial product or the details thereof, if at all. This has economic value in terms of market timing and the extent that Mattson would have a competitive edge as a first mover to enter the market. Mattson's Trade | | | |

15

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| | Secrets also have substantive economic value to Mattson and its competitors. For example, the results of experiments inform the design process and provide knowledge both of what works and of what does not work with respect to achieving particular specifications or results, specifically with respect to ████ ████ These insights provide significant economic value in ████ ████ A competitor, such as Applied, who misappropriated Mattson's Trade Secrets by improper means benefits from a tremendous shortcut in the development process of a competing design. Mattson continues to investigate the subject matter of the Interrogatory and reserves the right to supplement, amend, or revise this response as may be warranted in light of ongoing discovery. Mattson further responds that expert discovery relating to the subject matter of this Interrogatory will be provided, as appropriate, at the time set forth in the Court's Scheduling Order pertaining to such discovery. | | | |

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| **Interrogatory No. 8**<br><br>Identify, on a trade secret-by-trade secret basis, which, if any, of the ALLEGED TRADE SECRETS identified in YOUR responses to Interrogatory Nos. 1 and 2 (including any amended or supplemental responses thereto) YOU contend have been utilized to date, or YOU contend are planned to be utilized in the future, in the conceptualization, development, manufacturing, or testing of any version of any APPLIED PRODUCT, including by identifying each and every such version of such APPLIED PRODUCT with respect to each such ALLEGED TRADE SECRET. | Mattson incorporates by reference the Preliminary Statement and applicable objections to Applied's Definitions and Instructions set forth above as if fully stated herein.<br><br>Mattson objects to Interrogatory No. 8 to the extent it seeks information related to the amended responses to Interrogatory Nos. 1 and 2 that Mattson served on June 9, 2025, and were subsequently stricken by the Court. See ECF No. 188-1 at 10. In accordance with the parties' discussion at the January 16, 2026 meet and confer, Mattson will construe this Interrogatory to relate solely to the responses to Interrogatory Nos. 1 and 2 that were served on January 22, 2025.<br><br>Mattson objects to Interrogatory No. 8 on the ground that it contains at least 33 discrete subparts. Specifically, this Interrogatory asks Mattson to answer for each of 11 different trade secrets, (i) whether Applied has used the trade secret in one or more of four different ways (conceptualization, development, manufacturing, or testing), (ii) whether Applied plans to use the trade secret in the future in one or more of four different ways (conceptualization, development, manufacturing, or testing), and (iii) to identify every version of each Applied product in which each trade secret has been used or in which Applied intends to use it. The | Mattson's compound objection should be overruled, and Mattson should be ordered to produce a substantive response within 7 days. | Mattson proposes: (1) Mattson will respond to a single interrogatory without any subparts and with respect to the trade secrets as a whole (not on a trade secret-by-trade secret basis); (2) Mattson will continue to supplement its interrogatory response if additional information is discovered pursuant to FRCP 26(e); and (3) Applied may pursue any additional information it seeks through the more appropriate means of document requests or deposition. | For the same reason as explained with regard to Interrogatory no. 3, above, Mattson's objection to the compound nature of this interrogatory is **OVERRULED**. However, Interrogatory no. 8 is overbroad for seeking identification of "each and every version" of a product.<br><br>Mattson's response to this interrogatory is insufficient and Applied's request to compel a further response is **GRANTED**. Mattson shall answer Interrogatory no. 8 for the Trade Secrets it asserts, as modified by the Court in this Order, and identify product versions to the extent a version is identifiable. |

17

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| | numerous subparts in this Interrogatory are not logically or factually subsumed within the first question, including because the trade secrets are unique.<br><br>Mattson objects to Interrogatory No. 8 as a premature contention interrogatory seeking information that is within Applied's possession, custody, and control and outside of Mattson's possession, custody, and control, including information concerning how Applied is currently using and/or plans to use Mattson's trade secrets in the future.<br><br>See, e.g., In re Convergent Techs. Sec. Litig., 108 F.R.D. 328, 337-39 (N.D. Cal. 1985). Applied cannot satisfy its burden of showing that a response to this Interrogatory is warranted at this early stage, including because it has not yet produced the discovery that is needed for Mattson to respond to this Interrogatory.<br><br>Mattson objects to the extent that this Interrogatory seeks information protected from disclosure by the attorney-client privilege or the attorney work-product doctrine. Mattson will not provide any privileged information in response to this Interrogatory.<br><br>Mattson also objects to the extent that this Interrogatory seeks the premature disclosure of expert opinion. Mattson will adhere to the schedule for expert reports and related discovery and will not provide expert-related | | | |

18

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| | information in response to this Interrogatory.<br><br>In light of the foregoing objections, Mattson cannot respond to Interrogatory No. 8 as drafted. However, Mattson is willing to meet and confer with Applied to discuss appropriate narrowing and timing. | | | |

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| **Interrogatory No. 9**<br><br>For each ALLEGED TRADE SECRET identified in YOUR responses to Interrogatory Nos. 1 and 2 (including any amended or supplemental responses thereto), on a trade secret-by-trade secret basis, state specifically all of YOUR bases for all of your contentions that such ALLEGED TRADE SECRET was misappropriated by APPLIED. For the avoidance of doubt, this includes identifying all instances in which you contend APPLIED misappropriated each such ALLEGED TRADE SECRET (each an "Instance"), all facts forming the bases for all YOUR contentions that APPLIED misappropriated each such ALLEGED TRADE | Mattson incorporates by reference the Preliminary Statement and applicable objections to Applied's Definitions and Instructions set forth above as if fully stated herein.<br><br>Mattson objects to Interrogatory No. 9 to the extent it seeks information related to the amended responses to Interrogatory Nos. 1 and 2 that Mattson served on June 9, 2025, and were subsequently stricken by the Court. See ECF No. 188-1 at 10. In accordance with the parties' discussion at the January 16, 2026 meet and confer, Mattson will construe this Interrogatory to relate solely to the responses to Interrogatory Nos. 1 and 2 that were served on January 22, 2025.<br><br>Mattson objects to Interrogatory No. 9 on the ground that it contains at least 99 discrete subparts. Specifically, this Interrogatory asks Mattson to answer for each of 11 different trade secrets, (i) all facts related to each instance in which Applied misappropriated each trade secret, (ii) whether each instance involved direct, indirect, and/or vicarious misappropriation, (iii) how Applied acquired each trade secret, (iv) how Applied has used or is using each trade secret, (v) how Applied plans or intends to use each trade secret, (vi) how applied has disclosed or is disclosing each trade secret, (vii) how Applied plans or intends to disclose each trade secret, (viii) | Mattson's compound objection should be overruled, and Mattson should be ordered to produce a substantive response within 7 days. | Mattson proposes: (1) Mattson will respond to a single interrogatory without any subparts and with respect to the trade secrets as a whole (not on a trade secret-by-trade secret basis); (2) Mattson will continue to supplement its interrogatory response if additional information is discovered pursuant to FRCP 26(e); and (3) Applied may pursue any additional information it seeks through the more appropriate means of document requests or deposition. | For the same reason as explained with regard to Interrogatory no. 3, above, Mattson's objection to the compound nature of this interrogatory is **OVERRULED IN PART**. However, Mattson's objection is **SUSTAINED IN PART** as to the language following "If your response for any ALLEGED TRADE SECRET is …," which is an inappropriate subpart. Applied may re-serve that subpart as a separate interrogatory to the extent it has not exceeded the presumptive limited under Rule 33.<br><br>Moreover, the Court agrees that Interrogatory no. 9, in part, inappropriately seeks a legal conclusion where it requests that |

20

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| SECRET in each such Instance, whether YOU contend for each such Instance that each such ALLEGED TRADE SECRET was misappropriated directly, indirectly, and/or vicariously, and how YOU contend that APPLIED acquired, has used, is using, plans or intends to use, has disclosed, is disclosing, and/or plans or intends to disclose, each such ALLEGED TRADE SECRET for each such Instance. If YOUR response for any ALLEGED TRADE SECRET is that APPLIED has used, is using, or plans to use the ALLEGED TRADE SECRET in regard to the conceptualization, development, manufacturing, or testing of any version of any APPLIED PRODUCT, | how each Applied product incorporates or uses each trade secret; and (ix) how each trade secret was incorporated or used in the development of each Applied product. The numerous subparts in this Interrogatory are not logically or factually subsumed, including because the trade secrets are unique. Mattson objects to Interrogatory No. 9 to the extent it is duplicative of Interrogatory No. 8. Mattson objects to Interrogatory No. 9 as a premature contention interrogatory seeking information that is within Applied's possession, custody, and control and outside of Mattson's possession, custody, and control, including detailed information concerning how Applied misappropriated, uses, and intends to use or disclose Mattson's trade secrets. *See, e.g., In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 337-39 (N.D. Cal. 1985). Applied cannot satisfy its burden of showing that a response to this Interrogatory is warranted at this early stage, including because it has not yet produced the discovery that is needed for Mattson to respond to this Interrogatory. Mattson also objects to Interrogatory No. 9 as overbroad, unduly burdensome, and not proportionate because it demands identification of "all facts" forming "all of" Mattson's "bases for all of" its contentions | | | Mattson identify the nature of the misappropriation as direct, indirect or vicarious. Mattson's request on this ground is **SUSTAINED**. Additionally, the Court **SUSTAINS** Mattson's overbreadth objection as to the request that Mattson identify each instance of misappropriation. Applied's request is otherwise **GRANTED**, and Mattson shall respond to Interrogatory no. 9 as narrowed by the Court in this Order. |

21

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| identify and describe how each such APPLIED PRODUCT in fact incorporates or uses the ALLEGED TRADE SECRET(S), how such ALLEGED TRADE SECRET was incorporated or used in the development of such APPLIED PRODUCT, and/or how APPLIED plans or intends to use the ALLEGED TRADE SECRET in regard to the conceptualization, development, manufacturing, or testing of such APPLIED PRODUCT. | that its trade secrets were misappropriated by Applied, including "each instance" of misappropriation of each trade secret.<br><br>Mattson objects to the extent that this Interrogatory calls for a legal conclusion, including whether each instance of Applied's misappropriation of each trade secret was direct, indirect, or vicarious misappropriation.<br><br>Mattson objects to the extent that this Interrogatory seeks information protected from disclosure by the attorney-client privilege or the attorney work-product doctrine. Mattson will not provide any privileged information in response to this Interrogatory.<br><br>Mattson also objects to the extent that this Interrogatory seeks the premature disclosure of expert opinion. Mattson will adhere to the schedule for expert reports and related discovery and will not provide expert-related information in response to this Interrogatory.<br><br>In light of the foregoing objections, Mattson cannot respond to Interrogatory No. 9 as drafted. However, Mattson is willing to meet and confer with Applied to discuss appropriate narrowing and timing. | | | |

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| **Interrogatory No. 10**<br><br>For each ALLEGED TRADE SECRET identified in YOUR responses to Interrogatory Nos. 1 and 2 (including any amended or supplemental responses thereto), on a trade secret-by-trade secret basis, describe in detail the facts and circumstances under which YOU conceived of, developed, designed, or acquired the ALLEGED TRADE SECRET, including, without limitation, the identity of each PERSON involved in the conception, development, design, and/or acquisition of the ALLEGED TRADE SECRET, and the nature and level of involvement of each such PERSON in regard to such conception, development, design, | Mattson incorporates by reference the Preliminary Statement and applicable objections to Applied's Definitions and Instructions set forth above as if fully stated herein.<br><br>Mattson objects to Interrogatory No. 10 to the extent it seeks information related to the amended responses to Interrogatory Nos. 1 and 2 that Mattson served on June 9, 2025, and were subsequently stricken by the Court. See ECF No. 188-1 at 10. In accordance with the parties' discussion at the January 16, 2026 meet and confer, Mattson will construe this Interrogatory to relate solely to the responses to Interrogatory Nos. 1 and 2 that were served on January 22, 2025.<br><br>Mattson objects to Interrogatory No. 10 on the ground that it contains at least 11 discrete subparts. Specifically, this Interrogatory asks Mattson to answer the facts and circumstances under which Mattson conceived, developed, designed, or acquired each trade secret. The numerous subparts in this Interrogatory are not logically or factually subsumed, including because the trade secrets are unique.<br><br>Mattson objects to Interrogatory No. 10 as seeking information that is not relevant to any party's claims or defenses.<br><br>Mattson also objects to Interrogatory No. 10 as overbroad, unduly burdensome, and not proportionate because it demands | Mattson's compound objection should be overruled, and Mattson should be ordered to produce a substantive response within 7 days. | Mattson proposes: (1) Mattson will respond to a single interrogatory without any subparts and with respect to the trade secrets as a whole (not on a trade secret-by-trade secret basis); (2) Mattson will continue to supplement its interrogatory response if additional information is discovered pursuant to FRCP 26(e); and (3) Applied may pursue any additional information it seeks through the more appropriate means of document requests or deposition. | For the same reason as explained with regard to Interrogatory no. 3, above, Mattson's objection to the compound nature of this interrogatory is **OVERRULED**. Mattsons other objections are also **OVERRULED**.<br><br>Mattson's response to this interrogatory is insufficient and Applied's request to compel a further response is **GRANTED**. Mattson shall answer Interrogatory no. 10 for the Trade Secrets it asserts, as modified by the Court in this Order. |

23

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| and/or acquisition of the ALLEGED TRADE SECRET. | identification of "each PERSON" involved in any way in the conception, development, design, and/or acquisition of each of the 11 trade secrets. Mattson objects to the extent that this Interrogatory seeks information protected from disclosure by the attorney-client privilege or the attorney work-product doctrine. Mattson will not provide any privileged information in response to this Interrogatory. Mattson also objects to the extent that this Interrogatory seeks the premature disclosure of expert opinion. Mattson will adhere to the schedule for expert reports and related discovery and will not provide expert-related information in response to this Interrogatory. In light of the foregoing objections, Mattson will not respond to Interrogatory No. 10 as drafted. However, Mattson is willing to meet and confer with Applied regarding this Interrogatory. | | | |

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| **Interrogatory No. 11** For each ALLEGED TRADE SECRET identified in YOUR responses to Interrogatory Nos. 1 and 2 (including any amended or supplemental responses thereto), on a trade secret-by-trade secret basis, identify the five natural persons (not including any of the DEFENDANTS) that are most knowledgeable about the conception, research, development, design and YOUR use of each such ALLEGED TRADE SECRET. | Mattson incorporates by reference the Preliminary Statement and applicable objections to Applied's Definitions and Instructions set forth above as if fully stated herein. Mattson objects to Interrogatory No. 11 to the extent it seeks information related to the amended responses to Interrogatory Nos. 1 and 2 that Mattson served on June 9, 2025, and were subsequently stricken by the Court. See ECF No. 188-1 at 10. In accordance with the parties' discussion at the January 16, 2026 meet and confer, Mattson will construe this Interrogatory to relate solely to the responses to Interrogatory Nos. 1 and 2 that were served on January 22, 2025. Mattson objects to Interrogatory No. 11 on the ground that it contains at least 55 discrete subparts. Specifically, this Interrogatory asks Mattson to answer for each of 11 different trade secrets, (i) five individuals most knowledgeable about each trade secret's conception, (ii) five individuals most knowledgeable about the research related to each trade secret, (iii) five individuals most knowledgeable about the development of each trade secret, (iv) five individuals most knowledgeable about the design of each trade secret, and (v) five individuals most knowledgeable about Mattson's use of each trade secret. The numerous subparts in this | Mattson's compound objection should be overruled, and Mattson should be ordered to produce a substantive response within 7 days. | Mattson proposes: (1) Mattson will respond to a single interrogatory without any subparts and with respect to the trade secrets as a whole (not on a trade secret-by-trade secret basis); (2) Mattson will continue to supplement its interrogatory response if additional information is discovered pursuant to FRCP 26(e); and (3) Applied may pursue any additional information it seeks through the more appropriate means of document requests or deposition. | For the same reason as explained with regard to Interrogatory no. 3, above, Mattson's objection to the compound nature of this interrogatory is **OVERRULED**. Mattsons other objections are also **OVERRULED**. Mattson's response to this interrogatory is insufficient and Applied's request to compel a further response is **GRANTED**. Mattson shall answer Interrogatory no. 11 for the Trade Secrets it asserts, as modified by the Court in this Order. |

25

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| | Interrogatory are not logically or factually subsumed, including because the trade secrets are unique.<br><br>Mattson also objects to Interrogatory No. 11 as overbroad, unduly burdensome, not proportionate, and seeking information that is not relevant to any party's claims or defenses because it demands the arbitrary identification of five persons (other than Defendants) with knowledge of each of the conception, research, development, design, and use of each of the 11 trade secrets. Mattson will construe this Interrogatory as seeking a list of persons with knowledge about the requested information.<br><br>Mattson objects to the extent that this Interrogatory seeks information protected from disclosure by the attorney-client privilege or the attorney work-product doctrine. Mattson will not provide any privileged information in response to this Interrogatory.<br><br>Mattson also objects to the extent that this Interrogatory seeks the premature disclosure of expert opinion. Mattson will adhere to the schedule for expert reports and related discovery and will not provide expert-related information in response to this Interrogatory.<br><br>In light of the foregoing objections, Mattson will not respond to Interrogatory No. 11 as drafted.<br><br>However, Mattson is willing to meet and confer with Applied regarding this Interrogatory. | | | |

26

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| **Interrogatory No. 12**<br><br>Separately with respect to each ALLEGED TRADE SECRET identified in YOUR responses to Interrogatory Nos. 1 and 2 (including any amended or supplemental responses thereto), on a trade secret- by-trade secret basis, state in detail all factual and legal bases for YOUR contention that, in the event of a finding of misappropriation, YOU are entitled to an award of monetary damages from any of the DEFENDANTS (or all of them), including identifying and describing in detail YOUR theories of recovery, including how and when YOU were harmed by the alleged misappropriation, all factual support for those theories, and YOUR computations of damages | Mattson incorporates by reference the Preliminary Statement and applicable objections to Applied's Definitions and Instructions set forth above as if fully stated herein.<br><br>Mattson objects to Interrogatory No. 12 to the extent it seeks information related to the amended responses to Interrogatory Nos. 1 and 2 that Mattson served on June 9, 2025, and were subsequently stricken by the Court. See ECF No. 188-1 at 10. In accordance with the parties' discussion at the January 16, 2026 meet and confer, Mattson will construe this Interrogatory to relate solely to the responses to Interrogatory Nos. 1 and 2 that were served on January 22, 2025.<br><br>Mattson objects to Interrogatory No. 12 on the ground that it contains at least 55 discrete subparts. Specifically, this Interrogatory asks Mattson to answer for each of 11 different trade secrets, (i) all factual bases for Mattson's contention that is entitled to monetary damages, (ii) all legal bases for Mattson's contention that it is entitled to monetary damages, (iii) descriptions of each of Mattson's theories of recovery, (iv) descriptions of how Mattson was harmed by Applied's misappropriation of each trade secret, and (v) computations of damages for each theory of recovery for each trade secret. The numerous subparts in this Interrogatory | Mattson's compound objection should be overruled, and Mattson should be ordered to produce a substantive response within 7 days. | Mattson proposes: (1) Mattson will respond to a single interrogatory without any subparts and with respect to the trade secrets as a whole (not on a trade secret-by-trade secret basis); (2) Mattson will continue to supplement its interrogatory response if additional information is discovered pursuant to FRCP 26(e); and (3) Applied may pursue any additional information it seeks through the more appropriate means of document requests or deposition. | For the same reason as explained with regard to Interrogatory no. 3, above, Mattson's objection to the compound nature of this interrogatory is **OVERRULED**. However, Mattson's objection to this interrogatory as seeking legal conclusions and expert testimony is **SUSTAINED**.<br><br>Applied's request is otherwise **GRANTED**, and Mattson shall respond to Interrogatory no. 12 as narrowed by the Court in this Order; Interrogatory no. 12 is allowed as to facts supporting Mattson's claims of harm. |

27

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| with respect to each theory of recovery. | are not logically or factually subsumed, including because the trade secrets are unique. Mattson objects to Interrogatory No. 12 as a premature contention interrogatory seeking information that is within Applied's possession, custody, and control and outside of Mattson's possession, custody, and control, including Defendants' use and intended use of the trade secrets and financial information of Applied. Mattson also objects to Interrogatory No. 12 as overbroad, unduly burdensome, and not proportionate because it demands identification of "all factual and legal bases" for Mattson's contention that it is entitled to an award of monetary damages and "all factual support" for Mattson's theories of recovery. Mattson objects to the extent that this Interrogatory calls for a legal conclusion, including disclosure of all of the legal bases for Mattson's claims. Mattson objects to the extent that this Interrogatory seeks information protected from disclosure by the attorney-client privilege or the attorney work-product doctrine, including disclosure of Mattson's legal theories. Mattson will not provide any privileged information in response to this Interrogatory. Mattson also objects to this Interrogatory as seeking the premature disclosure of expert opinion, including disclosure of Mattson's | | | |

28

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| | theories of recovery and related computations of damages. Mattson will adhere to the schedule for expert reports and related discovery and will not provide expert-related information in response to this Interrogatory.<br><br>In light of the foregoing objections, Mattson cannot respond to Interrogatory No. 12 as drafted. However, Mattson is willing to meet and confer with Applied to discuss appropriate narrowing and timing. | | | |

29

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| **Interrogatory No. 13** For each ALLEGED TRADE SECRET identified in YOUR responses to Interrogatory Nos. 1 and 2 (including any amended or supplemental responses thereto), on a trade secret-by-trade secret basis, identify the most recent date, prior to the filing of this ACTION, that any natural person accessed, for any purpose other than in preparation for this ACTION, the documents YOU allege constitute or describe each ALLEGED TRADE SECRET, and describe the facts and circumstances under which such person accessed such information, and identify any evidence YOU have to support YOUR response. | Mattson incorporates by reference the Preliminary Statement and applicable objections to Applied's Definitions and Instructions set forth above as if fully stated herein. Mattson objects to Interrogatory No. 13 to the extent it seeks information related to the amended responses to Interrogatory Nos. 1 and 2 that Mattson served on June 9, 2025, and were subsequently stricken by the Court. See ECF No. 188-1 at 10. In accordance with the parties' discussion at the January 16, 2026 meet and confer, Mattson will construe this Interrogatory to relate solely to the responses to Interrogatory Nos. 1 and 2 that were served on January 22, 2025. Mattson objects to Interrogatory No. 13 on the ground that it contains at least 44 discrete subparts. Specifically, this Interrogatory asks Mattson to identify for each of 11 different trade secrets, (i) the most recent date that any person accessed each trade secret, (ii) the documents that "constitute or describe" each trade secret, (iii) the facts and circumstances of the last access to each trade secret, and (iv) the "evidence" supporting each response. The numerous subparts in this Interrogatory are not logically or factually subsumed, including because the trade secrets are unique. Mattson objects to Interrogatory No. 13 as seeking information that is not relevant to any | Mattson's compound objection should be overruled, and Mattson should be ordered to produce a substantive response within 7 days. | Mattson will respond to a single interrogatory without any subparts and with respect to the trade secrets as a whole (not on a trade secret-by-trade secret basis); (2) Mattson will continue to supplement its interrogatory response if additional information is discovered pursuant to FRCP 26(e); and (3) Applied may pursue any additional information it seeks through the more appropriate means of document requests or deposition. | The Court finds this interrogatory overly burdensome and not proportional to the needs of the case. Mattson's objections are **SUSTAINED**. |

30

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| | party's claims or defenses, such as access by authorized Mattson employees to Mattson documents in their ordinary course of business. | | | |
| | Mattson objects to Interrogatory No. 13 as both premature and improper to the extent it seeks information outside of Mattson's possession, custody, or control, including information that is within the possession, custody, or control of Defendants and has not yet been produced in discovery, such as the circumstances under which Dr. Nagorny and Mr. George last accessed documents describing the trade secrets. | | | |
| | Mattson objects to Interrogatory No. 13 to the extent it assumes the existence of facts, including that there are documents that "constitute or describe" each of the trade secrets at issue. | | | |
| | Mattson objects to Interrogatory No. 13 as duplicative of Applied's Interrogatory No. 5, which sought identification of "all PERSONS" who had access to the trade secrets, including the period of time for which each person had access. Mattson refers Applied to its objections and responses to Interrogatory No. 5. | | | |
| | In light of the foregoing objections, Mattson cannot respond to Interrogatory No. 13 as drafted. | | | |
| | However, Mattson is willing to meet and confer with Applied regarding this Interrogatory. | | | |

31

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| **Interrogatory No. 14**<br><br>For ALLEGED TRADE SECRET No. 1(a), 1(b), 1(c), 1(d), 1(e) and 1(f), each individually, and ALLEGED TRADE SECRET No. 2(a), 2(b), 2(c), 2(d) and 2(e), each individually, as identified in YOUR responses to Interrogatory Nos. 1 and 2, set forth in detail all legal and factual bases for YOUR contention that each such ALLEGED TRADE SECRET was not generally known or readily ascertainable through proper means as of the time YOU contend the first act of trade secret misappropriation was committed by any of the DEFENDANTS. | Mattson incorporates by reference the Preliminary Statement and applicable objections to Applied's Definitions and Instructions set forth above as if fully stated herein.<br><br>Mattson objects to Interrogatory No. 14 on the ground that it contains at least 33 discrete subparts. Specifically, this Interrogatory asks Mattson to answer for each of 11 different trade secrets, (i) the date of Defendants' first act of misappropriation of each trade secret, (ii) all factual bases for Mattson's contention that each trade secret was not generally known or readily ascertainable through proper means as of that date, and (iii) all legal bases Mattson's contention that each trade secret was not generally known or readily ascertainable through proper means as of that date. The numerous subparts in this Interrogatory are not logically or factually subsumed, including because the trade secrets are unique.<br><br>Mattson objects to Interrogatory No. 14 as a premature contention interrogatory seeking information that is within Defendants' possession, custody, and control and outside of Mattson's possession, custody, and control, including when Defendants engaged in their "first act" of misappropriation with respect to each trade secret. Defendants have not yet produced all of the discovery that is needed for | Mattson's compound objection should be overruled, and Mattson should be ordered to produce a substantive response within 7 days. | Mattson proposes: (1) Mattson will respond to a single interrogatory without any subparts and with respect to the trade secrets as a whole (not on a trade secret-by-trade secret basis); (2) Mattson will continue to supplement its interrogatory response if additional information is discovered pursuant to FRCP 26(e);<br><br>and (3) Applied may pursue any additional information it seeks through the more appropriate means of document requests or deposition. | *See* ruling re Interrogatory no. 3, above. |

32

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| | Mattson to respond to this Interrogatory. Mattson also objects to Interrogatory No. 14 as overbroad, unduly burdensome, and not proportionate because it demands identification of "all factual and legal bases" for Mattson's contention that each trade secret was not generally known or readily ascertainable through proper means. Mattson objects to Interrogatory No. 14 as duplicative of Applied's Interrogatory No. 6, which sought "all legal and factual bases" for Mattson's contention that each trade secret "was not generally known or readily ascertainable through proper means at the time of its alleged misappropriation." Mattson refers Applied to its objections and responses to Interrogatory No. 6. Mattson objects to the extent that this Interrogatory calls for a legal conclusion, including disclosure of the legal bases for Mattson's trade secret claims. Mattson objects to the extent that this Interrogatory seeks information protected from disclosure by the attorney-client privilege or the attorney work-product doctrine, including disclosure of Mattson's legal theories. Mattson will not provide any privileged information in response to this Interrogatory. Mattson also objects to this Interrogatory as seeking the premature disclosure of expert opinion. Mattson will adhere to the schedule | | | |

33

| APPLIED'S INTERROGATORIES | MATTSON'S RESPONSES AND OBJECTIONS | APPLIED'S PROPOSED COMPROMISE | MATTSON'S PROPOSED COMPROMISE | COURT RULING |
|---|---|---|---|---|
| | for expert reports and related discovery and will not provide expert- related information in response to this Interrogatory.<br><br>In light of the foregoing objections, Mattson refers Applied to its objections and response to Interrogatory No. 6. Mattson is willing to meet and confer to the extent Applied contends an amended or supplemental response to Interrogatory No. 6 is warranted. | | | |

34