UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTSON TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED MATERIALS, INC., et al.,<br><br>Defendants. | Case No.  23-cv-06071-SVK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO SEAL RE DEFENDANT'S REQUEST FOR PROTECTIVE ORDER AND MOTION TO COMPEL**<br><br>Re: Dkt. Nos. 214, 216, 230, 231 |

Before the Court are several administrative motions to seal materials related to Defendant Applied Materials, Inc.'s request for a protective order and to compel Plaintiff Mattson Technology, Inc. ("Mattson") to answer certain interrogatories.  Dkts. 214, 216; *see also* Dkts. 230, 231 (arising from the technology overview requested by the Court to assist in resolving the underlying disputes).  Mattson has filed statements in support of sealing materials where required under Civil L.R. 79-5(f).  *See* Dkts. 219, 220.  Neither Party has opposed sealing of the other Party's materials.  Having considered the Parties' submissions, the relevant law and the record in this action, the Court finds good cause to **GRANT IN PART** and **DENY IN PART** the Parties' sealing motions as follows.

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| Joint Chart attached as Exhibit A to the Joint Statement Concerning Applied's Motion for Protective Order<br><br>[Dkt. 214-1] | Highlighted portions under the following headers:<br><br>**Trade Secret No. 1:**<br>All text starting after, and not including, "'Grey Path' approach for…"<br><br>**Trade Secret No. 2:** | The Court **GRANTS IN PART** and **DENIES IN PART** the motion to seal Dkt. 213-1.  The Court agrees that portions of this document appear to "describe Mattson's confidential trade secrets with particularity," such that there appears good cause to seal such descriptions.  However, although Mattson has attempted to "limit[] its proposed redactions solely to these categories of information," the Court nonetheless finds |

United States District Court
Northern District of California

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
|  | All text starting after, and not including, "'Green Path' approach for…"<br><br>**Trade Secret No. 3:**<br>None<br><br>**Trade Secret No. 4:**<br>All text starting after, and not including, "having an insert…"<br><br>**Trade Secret No. 5:**<br>None<br><br>**Trade Secret No. 6:**<br>Only the "including materials" clause of sub-secret b.<br><br>**Trade Secret No. 7:**<br>None<br><br>**Trade Secret No. 8:**<br>None<br><br>**Trade Secret Nos. 9-11:**<br>None<br><br>**Trade Secret No. 12:**<br>All text starting after, and not including, "'Red Path' approach for…" | some of Mattson's propose redactions overbroad.  Specifically, some of the text highlighted by Mattson relates not to a description of its trade secrets with particularity, but to a high-level categorization of its trade secrets **or** to a description that has already been made public by way of the First Amended Complaint, (Dkt. 45).  For example, there is not good cause to seal the description that "The design and technical developments related to Mattson's 'Grey Path approach'" constitute an alleged trade secret.  *See* Dkt. 214-2 at 2.<br><br>Accordingly, the Court **GRANTS** redactions as set forth in the column to the left. All other redactions proposed in Dkt. 214-2 are **DENIED**. |
| Joint Chart attached as Exhibit A to the Parties' Joint Statement Concerning Applied's Motion to Compel<br><br>[Dkt. 216-1]. | Highlighted text in Dkt. 216-1, except as unsealed in Attachment A to the Court's Order Granting in Part and Denying in Part Protective Order. | The Court **GRANTS IN PART** and **DENIES IN PART** the motion to seal Dkt. 213-1.  The Court agrees that portions of this document set forth "Mattson's non-public, internal practices and protocols for maintaining the secrecy of its trade secrets, the identities of personnel with access to those trade secrets, the bases from which the trade secrets derive independent economic value, and the products that have incorporated, used, or commercialized the trade secrets in whole or in part."  Such information, if revealed, is likely to cause |

United States District Court
Northern District of California

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| | | competitive and security harm to Mattson. However, the Court finds Mattson's proposed redactions overbroad and narrows them as set forth in Attachment A to the Court's Order Granting in Part and Denying in Part Protective Order. |
| Applied's Slides in Support of its Request for a Protective Order [Dkt. 230-2] | The following slides may be sealed in full: Slides 16, 20, 25-26, 28, 32 The following portions of other slides may be sealed: Slide 21, both bullet points Slide 29, image Slides 42-53, excerpts of Mattson's interrogatory responses (on left) to same extent as granted re: Dkt. 214-1, above | Applied's filing of this document under seal was based on (1) the Court's order, preceding the hearing, authorizing such filing and (2) the confidential business information contained within the slides. Applied's motion to seal is proper as based on the Court's prior order. *See* Dkt. 222. However, upon review of the demonstrative in full, the Court finds good cause to narrow its sealing order. Specifically, while certain slides contain images or references to the Parties confidential and trade secret information, other slides quote from scientific publications and relate to general scientific knowledge. So, the Court **MODIFIES** its prior order and **GRANTS IN PART** and **DENIES IN PART** Applied's sealing motion |
| Applied's Slides in Support of its Request to Compel further Responses by Mattson [Dkt. 230-3] | N/A | Applied's filing of this document under seal was based on (1) the Court's order, preceding the hearing, authorizing such filing and (2) the confidential business information contained within the slides. The Court ultimately did not hear Applied's presentation on this demonstrative and did not consider it. Accordingly, Applied's sealing motion as to Dkt. 230-3 is **DENIED as moot**. The Clerk of Court shall maintain this document under seal. |
| Mattson's Slides [Dkt. 231-1] | The following slides may be sealed in full: Slides 7-11, 13 The following portions of other slides may be sealed: | *See* Court Order with regard to Dkt. 230-2, above. For the same reasons, the Court **MODIFIES** its prior order and **GRANTS IN PART** and **DENIES IN PART** Mattson's sealing motion |

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| | Slide 3, image on right | |
| | Slide 5, both images on right but neither related description | |
| | Slide 6, image | |

The Clerk of Court shall maintain Dkts. 214-1, 216-1, 230-2–3 and 231-1 **under seal** until further order of this Court.  **No later than May 19, 2026**, the Mattson shall publicly file revised, redacted copies of Dkts. 214-1 and 231-1 and Applied shall file a revised, redacted copy of Dkt. 230-2.  Mattson need not file a revised copy of Dkt. 216-1, as the proper information is unsealed in Attachment A to the Court's Order Granting in Part and Denying in Part Applied's Request for Protective Order.

**SO ORDERED.**

Dated: May 12, 2026

Susan van Keulen

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California