**JENNER & BLOCK LLP**
Brent Caslin (Cal. Bar. No. 198682)
bcaslin@jenner.com
AnnaMarie A. Van Hoesen (Cal. Bar. No. 282074)
avanhoesen@jenner.com
Kelly M. Morrison (Cal. Bar No. 255513)
kmorrison@jenner.com
515 S. Flower Street, Suite 3300
Los Angeles, California 90071
Telephone:      213 239-5100
Facsimile:      213 239-5199

Debbie L. Berman (*pro hac vice*)
dberman@jenner.com
Yusuf Esat (*pro hac vice*)
Yesat@jenner.com
353 North Clark Street
Chicago, Illinois 60654
Telephone:      312 222-9350

Amr Aly (*pro hac vice*)
aaly@jenner.com
1155 Avenue of Americas
New York, NY 10036
Telephone:      212 891-1600

*Attorneys for Plaintiff Mattson Technology, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MATTSON TECHNOLOGY, INC., a Delaware Corporation,<br><br>                    Plaintiff.<br><br>          v.<br><br>APPLIED MATERIALS, INC., a Delaware Corporation, VLADIMIR NAGORNY, an individual, and RENE GEORGE, an individual,<br><br>                    Defendants. | Case No. 5:23-cv-06071-SVK<br><br>**[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF MATTSON TECHNOLOGY, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF TRANSCRIPT OF DISCOVERY RELATED PROCEEDINGS HELD ON MAY 7, 2026** |

**~~[PROPOSED]~~ ORDER**

The Court, having considered Plaintiff Mattson Technology, Inc.'s ("Mattson") Administrative Motion to Seal Portions of the Transcript of Discovery Related Proceedings Held on May 7, 2026 before this Court, ("Transcript"), and all briefing and evidence filed therewith, finds good cause to **GRANT IN PART** and **DENY IN PART** the Motion as follows:

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| Transcript (Exhibit A to this Motion and filed under seal consistent with Dkt. No. 238) | Yellow highlighted portions on:<br><br>10:2-~~8~~, until "And this sort of permutation..."~~11~~<br>11:6-14, 21-22<br>12:~~7~~8-25, starting after "high-efficiency source."<br>13:1-19, 25<br>14:1-13, 15-21<br>15:1-5, 11-21<br>16:1-3, 6, 10-21<br>21:5-9<br>27:9-13, 20-24<br>28:9-10, 16<br>~~30:1-4, 11-13~~<br>~~31:17-20~~, 22-24<br>~~32:16-17~~<br>33:1-3, 14<br>~~34:25-35:2~~<br>37:9-11<br>~~38:4, 23-25~~<br>39:~~1-2~~, 5-13, 19-22<br>40:~~8-9~~, 22-24<br>41:~~6~~7-8<br>~~42:13-15~~<br>45:4-5, ~~13-15, 23, 25~~<br>46:~~1, 17~~-18<br>~~47:2-3, 10-11~~<br>~~48:10-11~~<br>51:~~3-4~~, 14-17, 24-25<br>52:1-4, 6-9, ~~11-12~~<br>~~53:5-7, 22-24~~<br>~~54:25~~<br>55:~~1-4~~, 10-14, 20-25<br>56:5-~~6~~9, ~~12-15~~<br>~~57:20, 25~~<br>~~58:1~~<br>59:~~11-13, 16~~, 21-24 | Contains confidential, sensitive, and proprietary business information about Mattson's trade secrets, including technical details concerning those trade secrets, the development of those trade secrets, the products that have incorporated, used, or commercialized the trade secrets in whole or in part, and the theft of those trade secrets. This information constitutes or would directly reveal competitively sensitive, proprietary information that would cause Mattson significant competitive harm if disclosed publicly. The limited sealing that Mattson requests is narrowly tailored to encompass only the specific portions of the Transcript that legitimately qualify as Mattson's confidential, sensitive, and proprietary business information.<br><br>~~Court's Stipulated Protective Order (Dkt. No. 134) governing the designation of confidential and highly confidential information in this matter, including Mattson's non-public and proprietary trade secret information set forth in Mattson's interrogatory responses included in the Joint Chart submitted in connection with Applied's discovery motions at issue in the Transcript (Dkt. Nos. 213-1, 215-1).~~ |

[PROPOSED] ORDER GRANTING MATTSON TECHNOLOGY, INC.'S ADMINISTRATIVE MOTION TO SEAL
CASE NO. 5:23-CV-06071-SVK

| | | |
|---|---|---|
| | 60:1-5<br>62:~~1-15~~ 11-15, starting after "high-efficiency source"<br>63:~~6~~10-14, ~~19-21~~ | *See also* the Court's Order Granting in Part and Denying in Part Administrative Motions to Seal re Defendant's Request for Protective Order and Motion to Compel (Dkt. No. 233), dated May 12, 2026, governing sealing portions of Mattson's interrogatory responses submitted in a Joint Chart in connection with the Applied's motions at issue in the discovery hearing reflected in the Transcript (Dkt. Nos. 213-1, 215-1, 237-2) and (2) the PowerPoint slide presentation that Mattson's counsel presented at the May 7, 2026, in-person discovery hearing also reflected in the Transcript (Dkt. No. 231-1, 237-1). Mattson is admonished that, complementary to where the Court's prior order has found sealing justified, where the Court previously **unsealed** certain information, Mattson should be mindful not to re-request sealing of that information. *See* Dkt. 233 at 1-2 (declining to seal "high level" descriptions of trade secrets, e.g., the high level descriptions for trade secrets 3, 5 and 7-11. |

The Clerk of Court **shall** maintain Dkts. 238 and 243-2 **under seal** until further order of this Court. **No later than July 16, 2026**, Mattson shall publicly file revised, redacted copies of Dkt. 238 in accordance with the redactions as granted above.

**IT IS SO ORDERED.**

DATED: _____July 2, 2026_____, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

2

[PROPOSED] ORDER GRANTING MATTSON TECHNOLOGY, INC.'S ADMINISTRATIVE MOTION TO SEAL
CASE NO. 5:23-CV-06071-SVK