United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATTSON TECHNOLOGY, INC., a Delaware Corporation,

Plaintiffs,

v.

APPLIED MATERIALS, INC., a Delaware Corporation, VLADAMIR NAGORNY, an individual, and RENE GEORGE, an individual,

Defendants.

Case No. 5:23-cv-06071-SVK

**ORDER FOLLOWING HEARING; AMENDING DKT. 232; AND SETTING DEADLINES**

Re: Dkt. No. 246

Plaintiff Mattson Technology, Inc. ("Mattson") filed a Motion for Leave to File Second Amended Complaint (the "Motion") on June 24, 2026. Dkt. 246. Defendant Applied Materials, Inc. ("Applied") opposed the Motion on July 15, 2026. Dkt. 249. Mattson then filed a reply to Applied's opposition on July 27, 2026. Dkt. 253. The Court set the matter for oral argument, which was held August 18, 2026. After hearing argument from the parties, the Court ruled from the bench, **GRANTING** the Motion for the reasons stated on the record. For the convenience of the Parties and the Court, the Court's ruling is summarized below.

Plaintiff's First Amended Complaint ("FAC") includes claims directed at alleged trade secrets arising out of two approaches developed as part of Mattson's Project Traveler, referred to as "Grey Path" and "Green Path." The dispute at issue in the Motion was whether to allow Mattson to amend their FAC to add a claim related to "Red Path," a third approach developed as part of Project Traveler. *See*, Dkt. 232.

Rule 15(a) of the Federal Rules of Civil Procedure states that, when a party seeks to amend their pleading at this stage, "a party may amend its pleading only with the opposing party's written

consent or the court's leave," but also that "the court should ***freely*** give leave when justice so requires." Fed.R.Civ.P. 15(a)(2) (emphasis added). This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir.2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). In *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court presented a list of factors for district courts to consider when deciding whether to grant leave to amend: undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, and futility. *Foman v. Davis*, 371 U.S. 178, 82 S.Ct. 227 (1962). The Ninth and other circuits have further held that " [n]ot all of the factors merit equal weight…it is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 185 (9th Cir.1987)).

At oral argument, the Parties were asked to focus on the two key factors identified by the Court as most relevant in this particular case: delay and prejudice. While the delay in filing the Motion undoubtedly weighs against granting leave to amend, this factor is mitigated by the unusual circumstances present here. Specifically, the Court notes the lengthy proceedings surrounding the disqualification of Mattson's prior counsel as well as the need for Mattson's new counsel to get up to speed on the case without the benefit of certain work product from prior counsel that had been stricken by order of the Court. The Court further notes that, while the Defendants will suffer prejudice by having to litigate a new claim added years after discovery began, none of their discovery efforts up to this point will be wasted by the addition of a "Red Path" trade secret claim, especially since any identification of documents and individuals related to the overarching Project Traveler is still relevant.

In summary, the Court finds that the delay and prejudice to the Defendants do not outweigh the call to freely grant amendment to a Complaint.

However, the Court also finds that not all of Mattson's suggested amendments align with the Court's previous directions regarding leave to amend. Dkt. 232. The substantive proposed edits were addressed at the hearing, and the Court's rulings are repeated in the chart below.

////

United States District Court
Northern District of California

| SAC Paragraph | Subject | Court Ruling |
|---|---|---|
| 14 | Escala product family | Not Allowed. |
| 17 | “Red Path” approach | Allowed. |
| 20 | References to “magnetic field concentrators” | Strike: “In addition, they developed . . .” and again “and can be utilized . . .” The existing text in between the proffered edits may remain. |
| 34 | Mattson’s trade secret protection | Allowed. |
| 52 | Employee poaching | Not Allowed. |
| 54 | Employee poaching | Not Allowed. Mattson may only allege that other Mattson employees had been hired by Applied prior to Mr.George and Dr. Nagorny. |
| 56 | Third “disclosing patent application” | Allowed. |
| 58 | Economic benefits of the trade secret | Allowed. |
| 69 | More detail re existing disclosing patent | Allowed. Allow all amendments re disclosing patents: ¶¶71-77. |
| 78 | References to “magnetic field concentrators” | Strike: “On information and belief, Dr. Nagorny worked on another project . . .” to end of paragraph. |
| 79 | “development of high efficiency source” | Strike: “specifically with respect to the development of a high efficiency source, and related process recipes.” |
| 80 | Applied use of trade secrets | Allowed. |

Any amendments included in the proposed Second Amended Complaint but not listed in the table above are allowed.

In light of the above amendments, the scope of the protective order in Dkt. 232 will be modified as follows:

"Thus, Mattson may seek discovery into:

- Trade Secret 1;
- Trade Secret 2;
- Trade Secret 3.b. only insofar as it relates to "…systems utilizing a remote plasma source as part of the Grey Path, ~~Path or~~ Green Path, or Red Path approaches";
- Trade Secret 4 only insofar as it relates to "the parameters of a high efficiency plasma source as part of the Grey Path, ~~Path or~~ Green Path, or Red Path approaches and having an insert…";
- Trade Secret 5 only insofar as it relates to Mattson's "research and development under the Grey Path, ~~Path or~~ Green Path, or Red Path approaches relating to the translation of process recipes between…";
- Trade Secret 6.a., 6.b. and 6.c. only insofar as the "testing" or "operation of prototype equipment" was "conducted as part of the Grey Path, ~~Path or~~ Green Path, or Red Path approaches;" 6.d. shall relate to 6.a-c. as limited herein;
- Trade Secret 7 only insofar as it relates to "technical and engineering information related to Mattson's prototype equipment and testing apparatuses used as part of the Grey Path, ~~Path or~~ Green Path, or Red Path approaches." Given the wide page ranges of the documents cited by Mattson in support of this Trade Secret, it shall be Mattson's burden to narrow its identification of documents to only those asserted to be related to the "Grey Path~~" or~~," "Green Path~~"~~," or "Red Path" approaches;
- Trade Secret 8 only insofar as it relates to the "[r]esults of experiments and testing conducted as part of the Grey Path, ~~Path or~~ Green Path, or Red Path approaches";
- Trade Secret 9 only insofar as it relates to "technical, engineering and experimental information related to the Green Path approach," as explained by Applied's counsel

during the hearing;

- Trade Secret 10; and
- Trade Secret 11

Dkt. 213~~ (as modified by the Court via the addition of underlined phrases)~~. Mattson may not seek discovery into trade secrets related to direct plasma sources, high-efficiency sources unrelated to the "Grey Path~~" or~~ "Green ~~Path"~~," or "Red Path" approaches, or other aspects of Project Traveler.~~, including "Red Path."~~"

Dkt. 232 (as modified, indicated by underlines and strikethroughs).

Finally, at the hearing the Court set the following deadlines:

- Mattson is to file its Second Amended Complaint by Friday, **August 21, 2026**.
- All Defendants are to file Answers to Mattson's Second Amended Complaint by Friday, **August 28, 2026**.
- The Parties are to meet and confer to discuss any additional changes to the case schedule. Should the Parties either agree that no change is needed or agree to a change, they are to file a stipulation regarding changes to the case schedule by Thursday, **September 3, 2026**. Should the parties disagree on the matter of changing the case schedule, they are to file a Joint Case Management Statement on Thursday, **September 3, 2026** in preparation for a Case Management Conference on Tuesday, **September 8, 2026 at 9:30 am**.

**SO ORDERED.**

Dated: August 19, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California