United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATTSON TECHNOLOGY, INC.,
Plaintiff,

v.

APPLIED MATERIALS, INC., et al.,
Defendants.

Case No. 23-cv-06071-SVK

**ORDER RE DISCOVERY DISPUTE AT DKT. 273**

Re: Dkt. No. 273

The Court has considered the joint discovery submission in which Applied seeks to compel production of documents arising out of a production by Mattson to the Beijing Intellectual Property Court ("China court") in an action brought by Mattson's parent Beijing E-Town Semiconductor Tech. Co., Ltd. ("BET") against Applied in 2025 ("China action"). Dkt. 273. This matter may be resolved without oral argument. Civ. L.R. 7(1)-b.

In the disputed discovery requests, Applied seeks documents produced to the China court, to Mattson's parent BET, or to its counsel that relate to issues in the present action. Dkt. 273-1, Requests no 91, 92. In an additional request, Applied seeks all communications between Mattson and the China court regarding production of documents that relate to issues in the present action. *Id*. at Request no. 90. Applied also propounds an interrogatory requesting a detailed description of any document produced to the China court. Dkt. 273-2 at Interrogatory no. 15. In support of its motion to compel, Applied argues that 1) Mattson's assertions or descriptions of its trade secrets in the China action are relevant to the scope of trade secrets claimed in this action; 2) Mattson's communications in the China action may show how trade secrets in this case map onto an ownership structure; and 3) how Mattson produced documents in the China action may inform whether it has adequately protected its trade secrets. Dkt. 273.

Applied's motion is **DENIED, except as noted below**. Mattson produced just three

United States District Court
Northern District of California

documents pursuant to an order of the China court. Mattson represents that those same three documents have been produced to Applied in this action. Dkt. 273, 6-7. **Accordingly, Mattson is to promptly identify the three documents by their bates numbers used in this action**. Such identification does not violate any confidentiality order of the China court which only governs production in that action. The documents have already been disclosed to Applied in this action, and a confidentiality order issued by the China court does not control the identification of documents ordered by this Court.

Beyond identification of which documents were actually provided to the China court, Applied's arguments as to the possible relevance of submissions to or communications with the China court, BET or counsel regarding the scope of its trade secrets in this action are too tenuous and not proportional to the needs of this case, particularly in light of the extensive discovery already conducted in this matter. Fed.R.Civ.Proc. 26(b)(1). Applied's argument for production to demonstrate ownership of trade secrets which may affect the scope of injunctive relief sought by Mattson is too speculative at this stage of the litigation to support the broad scope of production sought. Finally, the argument that the production is needed to test the sufficiency of Mattson's protection of its trade secrets is not well taken in light of Mattson's representation, which Applied does not rebut, that the China court ordered confidential production, even prohibiting Applied's access to the documents. Dkt. 273, 10.

**SO ORDERED.**

Dated: October 16, 2026

SUSAN VAN KEULEN
United States Magistrate Judge